HOLLY, APPELLEE, *v.* OSLEISEK, APPELLANT.

(No. 53179 — Decided January 25, 1988.)

*Meckler & Meckler Co., L.P.A., Thomas E. Meckler, Walker & Hawkins* and *William A. Walker,* for appellee Diana Holly.

*Mays, Karberg & Wachter* and *Mark I. Wachter,* for appellant Anthony Osleisek.

NAHRA, C.J. Appellant and appellee were involved in an automobile accident. Appellee filed suit just prior to the expiration of the two-year statute of limitations. Appellant filed an answer and counterclaimed for his own injuries after the expiration of the statute of limitations. At trial appellee dismissed her complaint and moved for dismissal of the counterclaim as being barred by the statute of limitations. The trial court granted her motion and appellant appeals. We reverse since we find appellant's counterclaim was timely when filed and did not become stale by the appellee's dismissal of her complaint.

Appellant's first assignment of error is that:

"The trial court erred by granting plaintiff's motion to dismiss defendant's counterclaim."

Appellant contends that the statute of limitations as to his counterclaim was tolled when appellee filed her action prior to the expiration of the two-year limitation period. Appellee responds that appellant's counterclaim, since it was filed beyond the statute of limitations, may be used for defensive purposes only and not as an action for affirmative relief, and that it is viable only during the pendency of the original action.

As a general rule, "[i]f a counterclaim is not barred by a statute of

limitation at the commencement of the action in which it is pleaded, it does not become so during the pendency of that action." *National Retailers Mut. Ins. Co.* v. *Gross* (1943), 142 Ohio St. 132, 26 O.O. 337, 50 N.E. 2d 258, paragraph two of the syllabus; *Riverside Methodist Hosp. Assn.* v. *Guthrie* (1982), 3 Ohio App. 3d 308, 3 OBR 355, 444 N.E. 2d 1358. The counterclaim then may properly be the basis for affirmative relief. *Id.* at 309, 3 OBR at 357, 444 N.E. 2d at 1360. If it was barred when the complaint was filed and arose out of the same transaction, it may be used as a defense but not as a basis for affirmative relief. *Riley* v. *Montgomery* (1984), 11 Ohio St. 3d 75, 11 OBR 319, 463 N.E. 2d 1246.

When appellee filed her complaint within the statute of limitations period, it tolled the statute with respect to the filing of the counterclaim. See *National Retailers, supra; McEwing* v. *James* (1880), 36 Ohio St. 152, paragraph two of the syllabus; *Riverside Methodist, supra,* at 309, 3 OBR at 357, 444 N.E. 2d at 1360. The counterclaim at that time was valid not only as a defense but for affirmative relief. *Id.* The issue then is whether dismissal by appellee of her complaint revives the statute of limitations defense.

We hold that dismissal by appellee of her action does not affect the viability of the counterclaim under these circumstances so long as the court has jurisdiction over the parties and the controversy. See *Abbyshire Constr. Co.* v. *Civil Rights Comm.* (1974), 39 Ohio App. 2d 125, 68 O.O. 2d 319, 316 N.E. 2d 893. We further hold that dismissal of appellee's action does not revive the statute of limitations defense for appellee since the operative period for evaluating such defense is the time when the counterclaim was filed. As discussed above, appellant's counterclaim was not subject to a statute of limitations defense at the time it was filed. Thus, we hold that a defendant's counterclaim for affirmative relief which is not barred by a statute of limitations at the commencement of the plaintiff's action in which it is pleaded does not become subject to a statute of limitations defense following the voluntary dismissal of the plaintiff's action. Accordingly, this assignment of error is sustained.

Appellant's last assignment of error is that:

"The trial court erred by allowing plaintiff to dismiss her complaint pursuant to Rule 41(A)(1)."

Appellant contends that if the statute of limitations barred his counterclaim, then the court erred in allowing appellee to voluntarily dismiss her complaint when the counterclaim could not stand on its own for adjudication.

A plaintiff has an absolute right to dismiss his action once without prejudice and without a court order before the commencement of trial unless the case involves a counterclaim which cannot be independently adjudicated. See Civ. R. 41(A)(1)(a); *Randustrial Corp.* v. *Takacs* (Mar. 19, 1987), Cuyahoga App. No. 51686, unreported; *Kraft, Inc.* v. *Herold Salads, Inc.* (Nov. 13, 1986), Cuyahoga App. No. 51265, unreported; *Suek* v. *Faymore* (June 5, 1986), Cuyahoga App. No. 50728, unreported. In this case, since there is no impediment to an independent adjudication of appellant's counterclaim, appellee had the right to dismiss her complaint. Accordingly, this assignment of error is overruled.

This case is reversed and remanded to the trial court court for proceedings consistent with this opinion.

*Judgment accordingly.*

PRYATEL and PATTON, JJ., concur.