GOBLE et al., Appellants,

v.

UNIVERSITY HOSPITALS OF CLEVELAND et al., Appellees.

[Cite as *Goble v. Univ. Hosp. of Cleveland* (1997), 119 Ohio App.3d 555.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 70688.

Decided May 12, 1997.

*James E. Tavens*, for appellants.

*Davis & Young* and *Jan L. Roller*, for appellee University Hospitals of Cleveland.

*Jacobson, Maynard, Tuschman & Kalur* and *Linda A. Epstein*, for appellee Easwaran P. Variyam.

---

*Per Curiam.*

This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas and the brief of appellant.

Plaintiffs-appellants, Charles Goble, Sr., et al., appeal from the judgment of the trial court, which granted defendant-appellee Easwaran P. Variyam's motion for summary judgment after the plaintiffs-appellants had filed their notice of voluntary dismissal. Appellants raise the following sole assignment of error for our review:

"The trial court erred when it granted appellee Variyam's motion for summary judgment after appellants filed their notice of voluntary dismissal."

The facts giving rise to this appeal are as follows. On February 24, 1995, plaintiffs-appellants filed the complaint herein against University Hospitals of Cleveland and Easwaran P. Variyam, M.D. On January 11, 1996, defendant-appellee Variyam filed a motion for summary judgment. On April 12, 1996, appellants filed a notice of voluntary dismissal, pursuant to Civ.R. 41(A), as to all defendants. The trial court granted the defendant-appellee's motion for summary judgment by journal entry dated April 17, 1996, and thereafter, on April 19, 1996, journalized an entry as to the plaintiffs-appellants' dismissal. Plaintiffs

then filed a motion for relief from judgment with the trial court, which was denied. This timely appeal follows.

Appellants argue in support of this appeal that upon the filing of their notice of voluntary dismissal, the trial court no longer had jurisdiction to enter a judgment in favor of a party who had been voluntarily dismissed. Specifically, appellants contend that the date of the filing of this notice, not the journalization date of a separate and unrequired court entry, is the controlling date. We agree.

Civ.R. 41(A)(1) permits a plaintiff to voluntarily dismiss his or her action without order of the court by filing a notice of dismissal any time "before the commencement of trial unless the case involves a counterclaim which cannot be independently adjudicated." *Holly v. Osleisek* (1988), 40 Ohio App.3d 90, 91, 531 N.E.2d 766, 768. The filing of a voluntary dismissal immediately divests the trial court of jurisdiction. *State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.* (1995), 100 Ohio App.3d 592, 654 N.E.2d 443; see, also, *Sturm v. Sturm* (1992), 63 Ohio St.3d 671, 590 N.E.2d 1214.

Consequently, on April 12, 1996, upon the filing of the appellants' notice of voluntary dismissal of this case in accordance with Civ.R. 41(A)(1), the trial court was divested of jurisdiction to take further action in the case and was, therefore, without jurisdiction to rule on the appellee's motion for summary judgment.

Upon consideration whereof, this court finds that substantial justice has not been done the party complaining, and the judgment of the Cuyahoga County Court of Common Pleas granting the motion for summary judgment of appellee Easwaran P. Variyam is hereby vacated, and the trial court is ordered to correct its record to reflect that this matter was voluntarily dismissed as to all appellees on April 12, 1996.

*Judgment reversed.*

PATRICIA ANN BLACKMON, P.J., KARPINSKI and ABOOD, JJ., concur.

CHARLES D. ABOOD, J., retired, of the Sixth Appellate District, sitting by assignment.