JOURNAL ENTRY AND OPINION
Appellant Solomon Dorsey dismissed his complaint, filed in response to Appellee Ford Motor Company's ("Ford") notice of appeal from the Industrial Commission's allowance of his occupational disease claim, before an order granting judgment for Ford was journalized. Judge Burt W. Griffin then made a ruling correcting the entry to reflect it was made before Dorsey's dismissal. Dorsey claims the judge abused his discretion in denying his motion for relief from that judgment under Civ.R. 60(B). We will not address that issue because we vacate the judgments as void ab initio.
On November 16, 1995, a District Hearing Officer for the Ohio Industrial Commission ruled that Dorsey was entitled to participate in the claim fund for the condition of "deQuervain's tenosynovitis right wrist and right shoulder impingement." When the Staff Hearing Officer affirmed the allowance and the Commission refused to hear Ford's subsequent appeal, Ford filed its notice of appeal on April 12, 1996, in the Cuyahoga County Common Pleas Court. On June 19, 1998, Dorsey filed his complaint in response, alleging that he sustained an occupational disease in the course of and arising out of his employment and requesting judgment against Ford, and finding that he may continue to participate in the Ohio Workers' Compensation System.
Pursuant to Loc.R. 21. part I, a case management conference was held on August 5, 1996, and a resultant order, journalized on August 6, 1996, indicated that Dorsey's lawyer had failed to appear. It further provided:
 Pretrial set 1-7-97 at 3:00 p.m. All clients must be present. Defense counsel to notify PLTF counsel of Pretrial discovery schedule.
The record reflects the postcard containing this information and addressed to Dorsey, the individual, was returned by the U.S. Postal Service on August 22, 1996. Dorsey's lawyer received a letter from Ford's notifying him of the scheduled pretrial but not that his client was to be present.
An entry journalized January 8, 1997, stated:
 P.T. held. Pltf. pltfs-counsel fail to appear. Defense counsel is present[.] Judgment will be granted for deft on 1/27/97 at 8:30 am unless both pltf pltfs counsel appear 
show good cause for their non-appearance on 8/5/96 1/7/97, their failure to take any action in this case since 7/5/96 [sic] failure to respond to defts requests for discovery.
Dorsey's lawyer wrote to the judge on January 9, 1997, explaining that an accident on Interstate 77 prevented him from being present on January 7, 1997; he had not received any notices from the clerk of court's office because he was not noted as an attorney on the case; he had provided discovery to Ford; and as he understood the judge was inclined to grant judgment for Ford, he requested that a hearing or another pretrial be scheduled. The letter was also sent to Ford.
On January 27, 1997 at 10:52 a.m., Dorsey's lawyer filed a notice of dismissal without prejudice pursuant to Civ.R. 41(A)(1). In an entry journalized January 28, 1997, the judge noted: "Judgment granted for deft inasmuch as neither pltf. nor pltfs' counsel have appeared to show cause for their non-appearance on 1/7/97." On the pre-printed entry the judge checked the disposition box as "court trial" and marked the order "final" although the record indicates it was "without prejudice."
On March 19, 1997, Ford filed a motion for judgment suggesting that the judge "supplement" his January 28, 1997 order and specifically indicate that Dorsey did not have the right to participate in the Workers' Compensation Fund for his alleged work-related injuries. While Ford acknowledged receipt of some discovery materials before January 13, 1997, it contended that, because Dorsey failed to appear before the court on three occasions, he should not be allowed to re-file this action within one year through the use of his Civ.R. 41(A)(1) dismissal.
In opposition, Dorsey's attorney reiterated the contents of his January 9, 1997 letter: "the clerk's office never entered my name in the court's computer[;] therefore, I have never received notice of the case management conference or the pretrial" because of a now-corrected procedural error in the clerk's office; that an Interstate 77 accident on January 7, 1997 caused him to be 30 minutes late and miss that pretrial; that the answers to interrogatories provided to Ford were only two days past the discovery deadline; that he had responded to all discovery requests; and he did not believe that Dorsey should be sanctioned in such a harsh manner.
In a three-page written opinion and order journalized May 7, 1997, the judge "corrected" the January 28, 1997 journal entry to reflect that it was "journalized" on January 27, 1997 at 8:30 a.m. It noted that "[s]ince this was a judgment for the defendant pursuant to notice, it was issued pursuant to Common Pleas Rule 21, Part III (H)(2). A judgment for the defendant is, by definition, with prejudice as to the plaintiff's claim." The judge contended he had jurisdiction to enter the judgment because he amended his January 28, 1997 journal entry to reflect that it was filed before Dorsey's voluntary dismissal.
Dorsey filed his Civ.R. 60(B) request for relief from judgment on May 22, 1997. He asserted, again, the reasons his lawyer failed to appear and that he had a meritorious claim because the occupational disease claim had been allowed at all administrative levels. Ford countered arguing that Dorsey failed to provide any exhibits or affidavits in support of his motion and that the judge should summarily deny his request. On June 6, 1997, Dorsey responded and provided an affidavit from his lawyer and information from the clerk's office to support his assertion that he did not receive notice of the case management conference or other dates.
Seventeen months later, on November 3, 1998, the judge denied Dorsey's request for relief from judgment.
 Inasmuch as PLTF. has failed to submit any affidavits or other evidentiary documents a required to support motions and inasmuch as the motion for relief from judgment does not set forth facts showing a basis for prevailing on the merits[,] the motion for relief from judgment — filed 5-22-97 — is denied. See, East Ohio Gas Co. v. Walker (1978), 59 Ohio App.2d 216; GTE Automatic Electric v. ARC Industries (1978) [,] 47 Ohio St.2d 146.
Dorsey raises a single assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S REQUEST FOR RELIEF FROM JUDGMENT PURSUANT TO CIVIL RULE 60.
Dorsey asserts he has a meritorious claim, the motion was timely, and his neglect was excusable. Therefore, the judge erred in preventing his case from being determined on its merits. Ford contends that the record reflects that Dorsey's lawyer had notice of all the dates and that there is no proper evidentiary support showing his claim has merit.
"Civ.R. 41(A)(1) permits a plaintiff to voluntarily dismiss his or her action without order of the court by filing a notice of dismissal any time `before the commencement of trial unless the case involves a counterclaim which cannot be independently adjudicated.'" Goble v. Univ. Hosp. of Cleveland (1997),119 Ohio App.3d 555, 557, 695 N.E.2d 1171, quoting Holly v. Osleisek (1988)40 Ohio App.3d 90, 91, 531 N.E.2d 766, 768. "A worker's compensation claimant may employ Civ.R. 41(A)(1)(a) to voluntarily dismiss an appeal to the court of common pleas brought by an employer under R.C. 4123.512." Kaiser v. Ameritemps, Inc. (1999),84 Ohio St.3d 411, syllabus. The right to voluntarily dismiss an action under Civ.R. 41(A)(1) "exists even when a plaintiff files a notice of dismissal after the court announced its intent to grant motions to dismiss and instructed counsel to prepare a judgment entry but before that final judgment entry is journalized."Kracht v. Kracht (June 5, 1997), Cuyahoga App. Nos. 70005, 70009, unreported, citing Conley v. Jenkins (1991), 77 Ohio App.3d 511. "`A court speaks only through its journal entry, and until journalized, a court's decision can have no effect on a party's right to voluntarily dismiss an action pursuant to Civ.R. 41(A).'"Id., quoting Bank One v. O'Brien (Dec. 31, 1991), Franklin App. Nos., 91 AP-165, 91AP-440, unreported at 11; see, also, Civ.R. 58(A) ("A judgment is effective only when entered by the clerk upon the journal."). Once a plaintiff files a voluntary dismissal, the trial judge is immediately divested of jurisdiction. Goble,supra; see Page v. Riley (1999), 85 Ohio St.3d 621, 623,710 N.E.2d 690 ("When a trial court unconditionally dismisses a case or a case has been properly voluntarily dismissed pursuant to Civ.R. 41(A)(1), the trial court patently and unambiguously lacks jurisdiction to proceed, and a writ of prohibition will issue to prevent the exercise of jurisdiction.")
"A judgment rendered by a court lacking subject matter jurisdiction is void ab initio." Patton v. Diemer (1988), 35 Ohio St.3d 68,518 N.E.2d 941, paragraph three of the syllabus. The question of subject matter jurisdiction may be raised for the first time on appeal, or the court may raise it sua sponte at any stage of the proceedings. Fox v. Eaton Corp. (1976), 48 Ohio St.2d 236,238, 358 N.E.2d 536; see Civ.R. 12 (H)(3). The authority to vacate a void judgment is not derived from Civ.R. 60(B); rather, it constitutes an inherent power possessed by Ohio courts. Patton,35 Ohio St.3d 68 at paragraph four of the syllabus. A motion to vacate a void judgment, therefore, need not comply with the requirements of Civ.R. 60(B) which the petitioner ordinarily would assert to seek relief from a jurisdictionally valid judgment.Demianczuk v. Demianczuk (1984), 20 Ohio App.3d 244,485 N.E.2d 785.
As noted above, the time stamp on Dorsey's notice of dismissal, which was without prejudice pursuant to Civ.R. 41(A)(1), is 10:52 a.m. on January 27, 1997. As such, the judge lost jurisdiction of the action as of that date and time. Goble,119 Ohio App.3d at 557. When the clerk received and journalized the judge's January 28, 1997 order which purportedly granted judgment in favor of Ford, that order had no legally binding effect. Seeid.; Kracht, supra. Moreover, the judge had no jurisdiction to "amend" the time-stamp on the January 28 order to circumvent Dorsey's right under Civ.R. 41(A)(1). Cf. R.C. 2303.14,-.26 (clerk of court of common pleas statutorily charged with duty to keep journal). These orders are, therefore, void ab initio, and Dorsey's request for relief from judgment need not have complied with Civ.R. 60(B).
Pursuant to the inherent powers of this court, we vacate the orders of January 28, 1997, vol. 2041. pg. 750; May 7, 1997, vol. 2083, pgs. 250-252, 252A; and November 3, 1998, vol. 2276, pg. 189.
It is ordered that the appellant recover from the appellee their costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 _______________________ ANNE L. KILBANE, JUDGE
 PATRICIA ANN BLACKMON, J., CONCUR;
 TERRENCE O'DONNELL. P.J. CONCURRING IN JUDGMENT ONLY.
 CONCURRING OPINION