JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff/Appellant, Sylvia Defranco, appeals the trial court granting defendants/appellees', Shaker Square of Ohio L.L.C., Center Point Properties, Adam Fishman, Randy Ruttenberg, Clifford D. Rosen, and Rosen Associates motion to dismiss. For the reasons that follow, we find the trial court was without jurisdiction to rule upon appellees' motion.
{¶ 2} The facts giving rise to this appeal are as follows. On April 28, 2000, appellant filed her complaint in common pleas court against each of the appellees named above along with an additional defendant, Joseph Beth Booksellers.[1] Defendant, Shaker Square of Ohio, L.L.C. filed an answer, along with a verified counterclaim, requesting a temporary restraining order, both a preliminary and permanent injunction, and restitution of the premises in which appellant's business was a month-to-month tenant.
{¶ 3} The trial court granted appellees' request for a writ of restitution on May 17, 2000, and appellant appealed. After vacating the premises in May 2000,[2] appellant voluntarily withdrew her appeal on June 21, 2000. After filing her appeal on May 18, 2000, appellant twice filed amendments to her complaint.[3] With the exception of changes not pertinent to this appeal, appellant's third amended complaint is virtually identical with her original complaint. Plaintiff's third amended complaint was properly filed after she withdrew the appeal.
{¶ 4} In her third amended complaint appellant asserts three separate claims against the defendants, namely, breach of contract, fraud/misrepresentation, and defamation. Thereafter, appellees filed their motion to dismiss[4] appellant's third amended complaint on September 20, 2000. On August 3, 2001, appellant, pursuant to Civ.R. 41(a)(1), voluntarily dismissed her complaint without prejudice against appellees and Joseph Beth Booksellers. Then on August 10, 2001, the trial court granted appellees' two motions[5] to dismiss. Appellant filed a notice of appeal to this court on August 21, 2001. In her appeal, appellant assigns three assignments of error.
 {¶ 5} I. THE TRIAL COURT ERRED IN ALLOWING APPELLEES TO MAKE DEFAMATORY STATEMENTS REGARDING APPELLANT AND TO ALLOW THOSE PUBLIC STATEMENTS TO STAND.
 {¶ 6} II. THE TRIAL COURT ERRED IN GRANTING APPELLEES' MOTION TO DISMISS.
 {¶ 7} III. THE TRIAL COURT ERRED IN ALLOWING APPELLEES TO INTERFERE IN APPELLANT'S BUSINESS TO SUCH AN EXTENT AS TO CAUSE SIGNIFICANT DAMAGE.
{¶ 8} We need not reach the merits of appellant's claimed errors because the trial court was without jurisdiction to rule on appellees' motion to dismiss. Accordingly, there is nothing in the record before this court from which an appeal can be taken.
{¶ 9} Civ.R. 41(A)(1) permits a plaintiff to voluntarily dismiss her action without order of the court "by filing a notice of dismissal any time before the commencement of trial unless the case involves a counterclaim which cannot be independently adjudicated." Goble v.University Hospital of Cleveland (1997), 119 Ohio App.3d 555,695 N.E.2d 1171, citing Holly v. Osleisek (1988), 40 Ohio App.3d 90 at 92, 531 N.E.2d 766.
{¶ 10} In the case at bar, there were no counterclaims left to be adjudicated because they had been rendered moot when appellant vacated the premises. The filing of a voluntary dismissal immediately divests the trial court of jurisdiction. State ex rel. Richard v. Cuyahoga CountyBoard of Commissioners, et al. (1995), 100 Ohio App.3d 592, 654 N.E.2d 443; see, also, Sturm v. Sturm (1992) 63 Ohio St.3d 671, 590 N.E.2d 1214. Consequently, on August 3, 2001, when appellant filed her notice of voluntary dismissal pursuant to Civ.R. 41(A)(1), the trial court was divested of jurisdiction to take further action in the case. On August 10, 2001, the court was therefore without jurisdiction to rule on appellees' motion to dismiss. Accordingly, this court finds that the trial court's entry of dismissal on August 10, 2001 is a nullity. We therefore vacate that judgment entry.
Judgment accordingly.
This cause is vacated.
It is, therefore, ordered that appellant recover of appellees her costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. AND FRANK D. CELEBREZZE, JR., J. CONCUR
[1] Joseph Beth Booksellers is not a party to this appeal.
[2] The trial court's issuance of the writ is not part of this appeal.
[3] The second amended complaint was a nullity because it was filed on May 26, 2000, during the pendency of plaintiff's appeal of the trial court's granting appellees' request for a writ of restitution.
[4] Both appellees and Joseph Beth Booksellers had filed earlier motions to dismiss on August 25, 2000, which the trial court ruled moot on August 1, 2001 because appellant had amended the complaint.
[5] Joseph Beth Booksellers also filed its own motion to dismiss the third amended complaint.