DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant/Cross-Appellee, Innovated Property Management, and Appellee/Cross-Appellant, Joann Hawkins, appeal from the judgment of the Summit County Court of Common Pleas. For the reasons discussed below, this Court reverses the judgment of the trial court.
 I. {¶ 2} Appellee/Cross-Appellant, Joann Hawkins ("Appellee") was a tenant in an apartment operated by her landlord, Appellant/Cross-Appellee ("Appellant"), Innovated Property Management. On September 6, 2000, Appellee fell in an unlit staircase at the apartment complex and sustained injuries. On September 4, 2002, she filed a negligence action against Appellant in the Summit County Court of Common Pleas. Appellee dismissed the action without prejudice on May 19, 2003. The trial court entered an order on May 22, 2003 acknowledging Appellee's notice of dismissal. On May 20, 2004, Appellee refiled her action. Appellant did not respond to the complaint within the allotted twenty-eight days. On August 6, 2004, Appellee filed a motion for default judgment against Appellant. The trial court granted Appellee's motion for default judgment on August 12, 2004 and set a hearing on damages. On August 13, 2004, Appellant filed an answer and motion for leave to file answer instanter. The trial court issued a sua sponte order on August 27, 2004 in which it vacated its order granting default judgment, granted Appellant's motion for leave to file its answer instanter and deemed the answer filed as of the date the motion for leave was filed.
 {¶ 3} The court entered an order on March 28, 2005 in which it referred the parties to arbitration. On April 11, 2005, Appellant filed a motion to vacate the court's order referring the case to arbitration and for leave to file a motion for summary judgment. Appellee filed a memorandum in opposition to Appellant's motion to vacate and Appellant in turn filed a reply brief in support of its motion. On April 22, 2005, the trial court denied both Appellant's motion for relief and his motion for summary judgment. The parties proceeded to arbitration on April 28, 2005. On May 3, 2005, the arbitration panel filed its report and award in which it found that Appellee was entitled to damages in the amount of three thousand six hundred dollars ($3,600.00) plus costs. On June 20, 2005, the trial court entered an order on the arbitration award.
 {¶ 4} On July 18, 2005, Appellant filed a notice of appeal from the trial court's April 22, 2005 order denying its motion for summary judgment. On July 26, 2005, Appellee filed a notice of appeal from the trial court's August 27, 2004 order denying her motion for default judgment. On February 1, 2006, this Court dismissed the parties' appeals for lack of a final appealable order. On February 2, 2006, the trial court issued a nunc pro tunc entry in conformance with this Court's decision. Appellant then filed a timely notice of appeal from the trial court's nunc pro tunc order and the order denying its motion for summary judgment based on the statute of limitations for refiling a case. Appellant has raised one assignment of error for our review. Thereafter, Appellee also filed a notice of appeal, raising one assignment of error for our review.
 II. APPELLANT/CROSS-APPELLEE'S ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT HELD THAT APPELLEE'S NOTICE OF DISMISSAL FILED UNDER CIV.R 41(A), WAS NOT IMMEDIATELY EFFECTIVE UPON FILING."
 {¶ 5} In its sole assignment of error, Appellant claims that the trial court erred when it denied its motion for summary judgment in which it argued that Appellee's refiled complaint was untimely. We find that Appellee's refiled complaint was time-barred, and the trial court therefore erred in denying Appellant's motion for summary judgment.[1]
 {¶ 6} This Court reviews an award of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105. We apply the same standard as the trial court, viewing the facts of the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party.Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 12.
 {¶ 7} Pursuant to Civil Rule 56(C), summary judgment is proper if:
"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327.
 {¶ 8} The party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact. Dresher v. Burt (1996),75 Ohio St.3d 280, 292-93. Specifically, the moving party must support the motion by pointing to some evidence in the record of the type listed in Civ.R. 56(C). Id. Once this burden is satisfied, the non-moving party bears the burden of offering specific facts to show a genuine issue for trial. Id. at 293. The non-moving party may not rest upon the mere allegations and denials in the pleadings but instead must point to or submit some evidentiary material that demonstrates a genuine dispute over a material fact. Henkle v. Henkle (1991), 75 Ohio App.3d 732, 735.
 {¶ 9} Appellee filed her original complaint for personal injury against Appellant on September 4, 2002. Appellee filed her "Notice of Dismissal" of this action on May 19, 2003. The notice stated, in its entirety:
"NOW COMES Plaintiff, Joann Hawkins, pursuant to Civ.R. 41(A) and gives notice that she dismissed this action without prejudice and at her costs."
Appellee argues that her "Notice of Dismissal" was not effective on the day it was filed and that she intended that the dismissal be effective only by order of court. She contends that the operative date of her dismissal was May 22, 2003 — the date the trial court entered its order acknowledging her voluntary dismissal. In support, she notes that she submitted a proposed judgment entry with the signature of her counsel along with her notice. She further points out that she did not specify a section of Civ.R. 41(A).
 {¶ 10} We find the caption of Appellee's notice dispositive of this issue. Appellee did not file a motion requesting dismissal, but rather filed a notice of dismissal pursuant to Civ.R. 41(A). While we acknowledge that Appellee did not cite a specific section of Civ.R. 41(A), we note that under Civ.R. 7(B), Appellee had the burden to identify the basis of her dismissal with particularity. Consequently, we decline to allow her to benefit from her own mistake.
 {¶ 11} Our sister districts have held that a notice of dismissal filed under Civ.R. 41(A)(1) is effective upon the date of filing. See Goble v. Univ. Hospitals of Cleveland (1997),119 Ohio App.3d 555, 557; Andrews v. Sajar Plastics, Inc.
(1994), 98 Ohio App.3d 61, 65-66. More specifically, and particularly relevant to this matter, the Eighth District Court of Appeals has held that "Civ.R. 41(A)(1) permits a plaintiff to voluntarily dismiss his or her action without order of the court by filing a notice of dismissal any time `before the commencement of trial[.]'" Goble, 119 Ohio App.3d at 557, quoting Holly v.Osleisek (1988), 40 Ohio App.3d 90, 91. In Goble, the Eighth District agreed with the appellants' argument that "the date of the filing of the notice, not the journalization date of a separate and unrequired court entry, [was] the controlling date."
 {¶ 12} Appellant cites Goble in support of its assertion that Appellee's dismissal was effective on the date it was filed — May 19, 2003 — and that her May 20, 2004 refiled complaint was time-barred. Pursuant to relevant case law, we find that Appellant's original case was terminated on the day she filed her notice of dismissal. We find that even if Appellee did not intend for the dismissal to be effective until the trial court entered judgment acknowledging the dismissal, the dismissal was nonetheless effective the day Appellee filed the notice.
 {¶ 13} The two year statute of limitations on Appellee's claim expired on September 6, 2002.[2] The savings statute outlined in R.C. 2305.19(A) provides
"In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise than upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or the plaintiff's failure otherwise than upon the merits or within the period of the original applicable statute of limitations, whichever occurs later. This division applies to any claim asserted in any pleading by a defendant."
Pursuant to R.C. 2305.19(A), Appellee had until no later than May 19, 2004 to re-file her complaint. The record reflects that Appellee refiled her case on May 20, 2004 — one day outside the time period outlined in R.C. 2305.19. Her complaint, was therefore, untimely. Accordingly, the trial court erred in denying Appellant's motion for summary judgment.
 {¶ 14} Appellant's sole assignment of error is reversed.
 APPELLEE/CROSS-APPELLANT'S ASSIGNMENT OF ERROR
"THE TRIAL COURT ABUSED ITS DISCRETION BY VACATING A DEFAULT JUDGMENT SUA SPONTE AND BY ALLOWING THE FILING OF AN UNTIMELY ANSWER WHEN NO APPEARANCE AND NO CIV.R. 6(B) MOTION SETTING FORTH EXCUSABLE NEGLECT HAD BEEN FILED BEFORE THE MOTION FOR DEFAULT JUDGMENT HAD BEEN GRANTED."
 {¶ 15} In her sole assignment of error, Appellee contends that the trial court abused its discretion in vacating its order granting default judgment against Appellant and allowing Appellant to file an untimely answer. In light of our disposition of Appellant's assignment of error, Appellee's assignment of error is rendered moot and we need not address it.
 III. {¶ 16} Appellant's sole assignment of error is reversed. Appellee's sole assigned error is moot. The judgment of the Summit County Court of Common Pleas is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee/Cross-Appellant.
Slaby, P.J. Whitmore, J. Concur.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] Appellee contends that the trial court erred in treating Appellant's motion for leave to file summary judgment as a motion for summary judgment. "`It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal.'" Akron ex rel. Christman-Reschv. Akron, 159 Ohio App.3d 673, 2005-Ohio-715, at ¶ 36, quotingState v. King (June 30, 1997), 4th Dist. No. 96CA39. As Appellee failed to raise this argument before the trial court, she has waived it on appeal.
[2] Appellee was injured on September 6, 2000. The version of R.C. 2305.10 in effect at the relevant time provided a two-year time period in which a party could bring an action for bodily injury before the statute of limitations would serve to bar such actions.