NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0320n.06
Filed: June 5, 2008

No. 07-3937

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MALCOLM HOYLE,                                    )
                                                  )
        **Plaintiff-Appellant,**                  )
                                                  )
v.                                                )
                                                  )
MATTHEW M. BAEPPLER; ROBERT TAYLOR                )
                                                  )   **ON APPEAL** FROM THE
        **Defendants-Appellees.**                 )   UNITED STATES DISTRICT
                                                  )   C O U R T   F O R   T H E
v.                                                )   NORTHERN DISTRICT OF
                                                      OHIO

                                                      **M E M O R A N D U M**
                                                      **O P I N I O N**

BEFORE:  NORRIS, GIBBONS, and GRIFFIN, Circuit Judges.

   **PER CURIAM.**  This single-issue appeal presents a narrow question: Does the one-year

period set out in the Ohio Savings Statute, Ohio Rev. Code § 2305.19, begin to run on the date that

a voluntary dismissal was executed and filed by the parties or when it was entered by the court on

its docket?

   According to the complaint, this lawsuit had its genesis in a police chase through the streets

of Cleveland.  Plaintiff was driving a car with two passengers on August 27, 2002, when defendant

officers Matthew Baeppler and Robert Taylor gave chase:

          When the vehicle was completely stopped, Defendants Baeppler and Taylor
       approached the vehicle on foot in an attempt to arrest all the occupants of the vehicle,
       when without warning or justification Defendant Baeppler shot and wounded

> Plaintiff Malcolm Hoyle and Defendant Taylor shot [passenger] Ricardo Mason in the back causing fatal wounds.
>
> While the Plaintiff's injuries were caused by Defendant Baeppler's shooting, Defendant Taylor played a significant role in setting into motion the shooting by falsely claiming he was being pinned by the vehicle and that he was in danger, thereby aiding and abetting the excessive use of force and by using excessive force himself.
>
> . . . .
>
> Plaintiff Malcolm Hoyle suffered serious and permanent injuries to his head and face, requiring extensive surgery and hospitalization. He has suffered loss of eyesight and hearing and is permanently disfigured.

Complaint at ¶¶ 8-9, 11.

On October 15, 2004, plaintiff filed suit against Baeppler, Taylor, three other individuals, and the City of Cleveland. The parties agree that this complaint was filed within the statute of limitations. Pursuant to Federal Rule of Civil Procedure 41(a), on April 3, 2006, the parties signed a Voluntary Stipulation dismissing defendants Baeppler, Taylor, and the City of Cleveland without prejudice. This document, which was not signed by the district judge, was filed by the parties and entered on the court's docket sheet on April 3, 2006. On April 18, 2006, the docket sheet bears the following entry: " Dismissal without prejudice as to Defendants Matthew Baeppler, Robert Taylor, and the City of Cleveland. Entered by Judge Solomon Oliver Jr. on 4/18/2006."

On April 13, 2007, plaintiff refiled a complaint naming Taylor and Baeppler as the only defendants. Defendants filed a motion to dismiss the complaint as untimely under the Ohio Savings Statute, which requires cases that have failed "otherwise than upon the merits" to be re-filed "within

one year after the date of . . . the plaintiff's failure otherwise than upon the merits . . . ." Ohio Rev. Code § 2305.19(A).

The district court answered the sole question on appeal – Did the one-year period for refiling under the Ohio Savings Statute begin to run on the date the parties executed and filed the dismissal or from the date that the dismissal was entered by the district court? – as follows:

> Defendants argue that a voluntary dismissal is unilateral and self-executing. They contend that this makes the date of filing the critical date from which to calculate the one-year limitation. Plaintiff argues that the court speaks through its docket, and therefore, the date of the court's entry should apply. For the following reasons, the court concludes that the date a voluntary dismissal is filed must serve as the operative date of termination and the date from which any applicable statute of limitations is measured, regardless of subsequent court entries.

Order, July 6, 2007 at 5-6 (citations omitted). As the district court noted, substantial authority supports this conclusion. *See, e.g.*, *Green v. Nevers*, 111 F.3d 1295, 1301 (6th Cir. 1997) (noting that "a properly stipulated dismissal under Rule 41(a)(1)(ii) is self-executing and does not require judicial approval")); *Hawkins v. Innovative Property Mgmt.*, 2006 WL 3373158 (Ohio Ct. App. Nov. 22, 2006) ("[T]he date of the filing of the notice, not the journalization date of a separate and unrequired court entry, [was] the controlling date.") (quoting *Goble v. Univ. Hosp. of Cleveland,* 695 N.E.2d 1171, 1172 (Ohio Ct. App. 1997)); *Payton v. Rehberg*, 694 N.E.2d 1379, 1385 (Ohio Ct. App. 1997) ("Dismissals pursuant to Civ. R. 41(A)(1) are fully and completely effectuated upon filing of the notice of voluntary dismissal by the plaintiff. In other words, the mere filing of the notice of dismissal by the plaintiff automatically terminates the case without intervention by the court.").

While this case arises from tragic circumstances – one teenager was killed and another seriously injured – the merits of the § 1983 action are not before us. Having carefully reviewed the record below and the briefs submitted by the parties, we are persuaded that the district court properly analyzed the effect of Ohio law on this litigation.  Rather than issue a detailed opinion, which would serve no useful purpose, we adopt the reasoning of the district court set forth in its Order dated July 6, 2007.

The judgment is **affirmed.**