RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

File Name: 11a0162p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

UNITED STATES OF AMERICA,
                              *Plaintiff-Appellee,*

                                                        No. 10-1270

          *v.*

ROBERTO RAMIREZ-PEREZ,
                              *Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Western District of Michigan at Grand Rapids.
No. 09-00271-001—Paul Lewis Maloney, Chief District Judge.

Decided and Filed: June 23, 2011

Before: BOGGS and SILER, Circuit Judges; VAN TATENHOVE, District Judge.[*]

_____

## COUNSEL

**ON BRIEF:** Kenneth P. Tableman, KENNETH P. TABLEMAN, P.C., Grand Rapids, Michigan, for Appellant. Christopher M. O'Connor, ASSISTANT UNITED STATES ATTORNEY, Grand Rapids, Michigan, for Appellee.

_____

## OPINION

_____

SILER, Circuit Judge. Defendant Roberto Ramirez-Perez pleaded guilty to being present in the United States after having been previously deported subsequent to an aggravated felony conviction. The district court enhanced Ramirez-Perez's offense level and criminal history score because it determined that he had a 1994 drug trafficking conviction for which the sentence imposed exceeded 13 months. The district court then

_____

[*] The Honorable Gregory Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

sentenced him to 70 months' imprisonment. Ramirez-Perez now appeals, challenging the district court's determination that his prior conviction resulted in a sentence that exceeded 13 months. For the reasons stated below, we **AFFIRM**.

I.

Ramirez-Perez is a native and citizen of Mexico. In 1994, he pleaded guilty in a California court to unlawfully furnishing or selling a controlled substance. He was sentenced to 220 days in jail and 3 years of probation. In 1998, he violated his probation and was sentenced to 365 days and given 234 days of credit for time served.

From 1993 to 1998, Ramirez-Perez was deported or removed from the United States four times. In 2009, he pleaded guilty to assault with a dangerous weapon. An investigation revealed his prior deportations and his 1994 California conviction, which qualified as an aggravated felony pursuant to 8 U.S.C. § 1101(a)(43).

Ramirez-Perez later pleaded guilty to one count of being present in the United States after having been previously deported subsequent to an aggravated felony conviction, in violation of 8 U.S.C. § 1326(a) & (b)(2).

In sentencing, he had a total offense level of 21, and a three-point increase in his criminal history score pursuant to § 4A1.1(a), resulting in a total criminal history score of 11 (category V). These increases were based on a finding that the sentence for his 1994 conviction exceeded 13 months, which was determined by adding his initial sentence of 220 days to his probation violation sentence of 365 days. Ramirez-Perez objected to these calculations, arguing that his sentence was under 13 months because the credit for time served should have been deducted from the length of his probation violation sentence. The district court overruled his objection and calculated his Guidelines range as 70 to 87 months. It then sentenced Ramirez-Perez to a term of imprisonment of 70 months, followed by two years of supervised release.

II.

Ramirez-Perez argues that the district court erred by finding his 1994 conviction resulted in a sentence that exceeded 13 months.  He contends his probation revocation sentence of 365 days should be reduced by the 234 days of credit for time served he received.  Under this calculation, his criminal history category would remain at V, but his offense level would have only increased by 12 for a total of 17, resulting in a Guidelines range of 46-57 months.

This court reviews "a district court's legal conclusions regarding the Sentencing Guidelines *de novo* and a district court's factual findings in applying the Sentencing Guidelines for clear error."  *United States v. Galvan*, 453 F.3d 738, 739 (6th Cir. 2006) (citation and internal quotation marks omitted).

The Guidelines provide for a 16-level increase in the defendant's offense level "[i]f the defendant previously was deported, or unlawfully remained in the United States, after a conviction for a felony that is a drug trafficking offense for which the sentence imposed exceeded 13 months."  USSG § 2L1.2(b)(1)(A)(i).  The application notes state that "[t]he length of the sentence of imprisonment includes any term of imprisonment given upon revocation of probation."  USSG § 2L1.2, comment. (n.1).

The Guidelines also provide for a three-point increase in a defendant's criminal history score "for each prior sentence of imprisonment exceeding one year and one month."  USSG § 4A1.1(a).  In calculating the length of a sentence, the Guidelines instruct to "add the original term of imprisonment to any term of imprisonment imposed upon revocation."  USSG § 4A1.2(k)(1).

The term "sentence of imprisonment" has the same meaning under both the offense level and criminal history guidelines. USSG § 2L1.2, comment. (n.1).  It "means a sentence of incarceration and refers to the maximum sentence imposed."  USSG § 4A1.2(b)(1).  Application Note 2 explains "the length of a sentence of imprisonment is the stated maximum . . . . That is, criminal history points are based on the sentence pronounced, not the length of time actually served."  USSG § 4A1.2, comment. (n.2).

In *Galvan*, we considered the effect of a defendant's receiving credit for time served for purposes of § 4A1.2(k)(1).  453 F.3d at 740-41.  There, we rejected the defendant's argument that the district court should have reduced the aggregate sentence of his prior conviction by the credit the state court gave him for time served while awaiting sentencing.  *Id.* at 741.  In rejecting this argument, we held that "for the purposes of Guidelines criminal history calculation, it matters not whether a defendant's sentence included credit for time served presentence."  *Id.*  We also rejected the defendant's argument that the district court should have deducted the credit for time served he received on an earlier probation violation because "nothing on the face of the record indicate[d] any such credit, and the district court was not required to search beyond the record."  *Id.*  We did not address what the consequence would have been if the defendant's state court record had reflected that he received credit for his previous probation violation sentence.  Nonetheless, the Guidelines support the conclusion that the general rule from *Galvan*—that "it matters not whether a defendant's sentence included credit for time served presentence"—should apply even if the credit for time served is reflected on the state court record and based on the original sentence.  *Id.*

The sentence of imprisonment for Guidelines purposes is "the sentence pronounced, not the length of time actually served."  USSG § 4A1.2, comment. (n.2). When a court gives credit for time served, it affects the length of time the defendant will be required to serve.  It does not, however, affect the sentence that is pronounced. Moreover, the Guidelines refer to the "maximum sentence imposed" without qualification as to credit for time served.  USSG § 4A1.2(b)(1).  Notably, the Guidelines expressly exclude parts of a sentence in other circumstances.  For instance, "[i]f part of a sentence of imprisonment was suspended, 'sentence of imprisonment' refers only to the portion that was not suspended."  USSG § 4A1.2(b)(2).  No mention is made of excluding credit received for time served.  For these reasons, we conclude that the general rule from *Galvan* applies in this case.  453 F.3d at 741.  Credit for time served should not be subtracted from a defendant's probation revocation sentence, even if the face of the state court record reflects the defendant received credit for time served on the original offense.

Therefore, because this sentence exceeded 13 months, the district court correctly increased his offense level by 16 under § 2L1.2(b)(1)(A)(i), and his criminal history score by three under § 4A1.1(a).

Ramirez-Perez relies on *United States v. Glover*, 154 F.3d 1291, 1295-96 (11th Cir. 1998), in which the Eleventh Circuit came to a different conclusion on similar facts because it was concerned that, by not deducting credit for time served on an earlier probation violation, the earlier probation violation sentence would be counted twice. Although the *Glover* court's reasoning avoids a potentially harsh result, *Glover* does not persuade us to depart from the general rule from *Galvan*. Under the Guidelines, it is the sentence pronounced that is controlling, not the amount of time actually served. *Id.* at 1296 (Edmondson, J., dissenting) (citing § 4A1.2, comment. (n.2)).

Moreover, even if we were to follow *Glover* here, it is not entirely clear that all of the 234 days of credit for time served came from Ramirez-Perez's initial sentence. The judgment states that credit for time served is "156 DAYS LOCAL" and "78 DAYS PC 4019/2933.1"[1] for "234 TOTAL DAYS CREDIT." Although the source of this time is reasonably apparent, the judgment does not specifically say that this credit for time served came from the prior drug trafficking offense. Also, there is a discrepancy between the earlier 220-day sentence and the later 234-day credit for time served. It is conceivable that some of this credit for time served was the result of awaiting sentencing on the probation violation, which even under *Glover*, is included as part of the sentence of imprisonment. *See* 154 F.3d at 1296. Ascertaining the source of all of the credit for time served from the judgment here would require some speculation, and the district court is not required to search outside the record. *See Galvan*, 453 F.3d at 741.

Ramirez-Perez also argues that, to the extent this court finds § 4A1.2(k) to be ambiguous, it should find in his favor based on the rule of lenity. He contends that there is a "fundamental ambiguity" in the guideline because "term of imprisonment" is not

---

[1] "PC 4019" refers to a California Penal Code provision that grants two days of time served for every four days in custody. *See* Cal. Penal Code § 4019(f). It appears Ramirez-Perez was given 78 days of credit for 156 days served in a local jail. Ramirez-Perez is thus asking the court to deduct credit for time served that was given for credit for time served. His double counting argument may cut both ways.

defined and it is unclear whether it has the same meaning as "sentence of imprisonment." A review of § 4A1.2(k) and its commentary shows that these terms are interchangeable. This guideline instructs the court to "add the *original term of imprisonment* to any term of imprisonment imposed upon revocation." USSG § 4A1.2(k)(1) (emphasis added). In the application note, it states that "the sentence given upon revocation should be added to the *original sentence of imprisonment*." USSG § 4A1.2(k)(1), comment. (n.11) (emphasis added). "Term" and "sentence" are used interchangeably in this guideline. Thus, there is no ambiguity and "the rule of lenity is not applicable." *United States v. Johnson*, 529 U.S. 53, 59 (2000).

**AFFIRMED**.