NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0057n.06

No. 24-3102

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 31, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff - Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| v. | ) ) ) | |
| TERRENCE MAY, | ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

**Before: CLAY, GIBBONS, and STRANCH, Circuit Judges.**

**CLAY, Circuit Judge.** Defendant Terrence May appeals a sentence of 175 months of imprisonment for a drug distribution conspiracy pursuant to 21 U.S.C. §§ 841(a), 841(b)(1)(c), and 846. He appeals his sentence on the grounds that the district court miscalculated his criminal history score under the Federal Sentencing Guidelines. For the reasons that follow, we **AFFIRM** the district court's judgment.

## I. BACKGROUND

Starting in February 2020, Defendant took part in a large drug operation involving numerous co-conspirators. Defendant was later indicted and pled guilty to a leadership role in the conspiracy and 23 counts of drug distribution in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(c), and 846. Defendant then proceeded to sentencing, where the presentence report scored his criminal history at ten, resulting in a criminal history category of V. The criminal history calculation was based in part on two convictions relevant to the instant appeal: (1) a 2018 Ohio possession of drugs

conviction ("2018 Case"), which the presentence report scored as two points; and (2) a 2019 Ohio possession of cocaine conviction ("2019 Case"), which the presentence report scored as one point. Defendant objected to the 2018 Case's two-point score; the district court, however, overruled the objection and scored Defendant's criminal history in accordance with the presentence report. This resulted in a criminal history category of V, and a Guidelines sentencing range of 140 to 175 months of incarceration. The district court ultimately imposed a sentence of 175 months of imprisonment with an additional 15 years of supervision.

The two prior Ohio convictions at issue concerned cases in the Mahoning County Court of Common Pleas. The first case was the 2018 Case, in which Defendant pled guilty to the first-degree misdemeanor of possession of drugs, for which he was sentenced to one year of supervision. Eleven months after his plea, on December 11, 2019, a motion to extend or revoke Defendant's supervision was filed. On that same day, Defendant waived his right to a probable cause hearing and "stipulated to a finding of probable cause" that he had violated his supervision. R. 376-2, Page ID #2709. A month later, on January 8, 2020, the Mahoning County Court of Common Pleas sentenced Defendant "to serve a term of ninety consecutive days of incarceration" for the violation. *Id.* at Page ID #2711. The court also ordered "Defendant's community control sanction extended eighty-five days from today's date." *Id.* at Page ID #2710

The second case relevant to this appeal is the 2019 Case, which involved a drug possession charge. This charge was the basis for the supervision violation at issue in the 2018 Case. Defendant later pled guilty to one count of possession of cocaine in the 2019 Case, and was sentenced to thirty days of incarceration and in-house drug treatment following his term of imprisonment.

## II.   DISCUSSION

### A.  Standard of Review

"We review a sentence's procedural reasonableness under the abuse-of-discretion standard." *United States v. Johnson*, 79 F.4th 684, 705 (6th Cir. 2023) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).  "An abuse of discretion occurs if a court commits a 'significant procedural error,' such as the improper 'calculation of the advisory sentencing Guidelines.'" *Id.* (first quoting *Gall*, 552 U.S. at 51; then quoting *United States v. Angel*, 576 F.3d 318, 320 (6th Cir. 2009)).

### B.  Analysis

Defendant's appeal is narrowly focused.  The sole issue of this case is whether the district court correctly calculated that the 2018 Case necessitated adding two points to Defendant's criminal history score, rather than one point.  The relevant Guidelines' provision at issue is U.S.S.G. § 4A1.1(b)–(c), which requires adding two points "for each prior sentence of imprisonment of at least sixty days" and one point for any sentence less than sixty days of imprisonment.  Defendant contends that he was not sentenced to a term of imprisonment for more than sixty days for the 2018 Case, and thus his criminal history score for that case should only be one point.

Defendant's argument is unconvincing.  As the Guidelines' Application Notes explain, and as we have quoted, "criminal history points are based on the sentence pronounced, not the length of time actually served."  U.S.S.G. § 4A1.2, cmt. n.2; *United States v. Ramirez-Perez*, 643 F.3d 173, 175 (6th Cir. 2011).  We must therefore look solely at the text of the Mahoning County Court of Common Pleas' sentencing order in the 2018 Case to determine (1) whether Defendant was sentenced to a term of imprisonment and (2) whether that term of imprisonment exceeded sixty

days. This inquiry is both straightforward and unambiguous. In the sentencing order, the Mahoning County Court of Common Pleas explicitly stated: "As a sanction for Defendant's community control violations herein, Defendant is Ordered immediately taken from here to the Mahoning County Justice Center to serve a term of *ninety* consecutive days of incarceration." R. 376-2, Page ID #2711 (emphasis added). This language could not be clearer. The text of the sentencing order definitively establishes that Defendant was (1) sentenced to a term of imprisonment that (2) exceeded sixty days. Thus, the district court accurately calculated that the 2018 Case deserved a criminal history score of two points.

Defendant attempts to circumvent this unambiguous sentencing order by invoking the rule of lenity. That rule is employed where there is "some degree of ambiguity, in which case that ambiguity is generally resolved in the favor of a criminal defendant." *United States v. McGee*, 494 F.3d 551, 555 (6th Cir. 2007). According to Defendant, the rule is applicable in this case because there is "more than ample confusion and ambiguity in the documents and docket entries used to assign two criminal history points to the [2019 Case]." Appellant's Br., ECF No. 17, 16.

To support his lenity argument, Defendant first asserts that his sentence was not straightforward and was instead highly enigmatic. Defendant points to the full text of his sentence, which states:

> Upon consideration of all of the foregoing, the Court hereby Orders Defendant's community control sanction extended eighty-five days from today's date subject to all of the previous terms and conditions Ordered by this Court at the time of Defendant's sentencing before this Court on January 14, 2019.
>
> As a sanction for Defendant's community control violations herein, Defendant is Ordered immediately taken from here to the Mahoning County Justice Center to serve a term of ninety consecutive days of incarceration.

R. 376-2, Page ID #2710–11.  According to Defendant, it is unclear from this language what Defendant's precise sentence was, as the Mahoning County Court of Common Pleas "sentenced Mr. May to either 85 additional days of community control effective immediately or 90 days of jail time."  Appellant's Br., ECF No. 17, 18.  A sentence of eighty-five days of community control would only qualify for one criminal history point; thus, according to Defendant, the district court should have applied to rule of lenity here and only utilized the one-point score.

Defendant's argument runs directly against the plain, unambiguous language of the state court's sentencing order.  It is unclear where Defendant discerns that he was required to serve *either* eighty-five days of community control or ninety days in prison.  The order provides no qualifying language or any suggestion that one punishment may be served in place of the other.  Instead, the order makes clear that he must serve *both* the eighty-five days of community control and ninety days in prison.  Defendant attempts to wiggle out of this plain language by arguing that "it makes no sense" for the state court to impose a probationary term consecutively with a term of imprisonment because "[a]n inmate can't be in prison and on probation at the same time."  Reply Br., ECF No. 23, 4.  True, the consecutive running of the community control and prison sentence is unusual.  Yet it is not the job of this Court to peer into the mind of the state court to determine why that court devised a sentence.  Instead, we are only to look at the specific sentence and determine whether Defendant was in fact sentenced to a term of imprisonment of over sixty days.  *Ramirez-Perez*, 643 F.3d at 175.  And in this instance, despite the somewhat atypical construction from the state court, it is evident that Defendant was sentenced to a term exceeding sixty days.

Defendant next turns to the 2019 Case.  He argues that there was "confusion" in that case during the plea agreement and sentencing phases, and that such confusion was connected to the 2018 Case.  Appellant Br., ECF No. 17, 7–10, 19–22.  Defendant specifically posits that the

procedural history of the 2019 Case indicates that the judge in that case was under the impression that Defendant was serving eighty-five days of probation for the 2018 Case, not ninety days of imprisonment. Yet this argument has zero bearing on the explicit language of the 2018 Case's sentence. Whether the court in the 2019 Case was "confused" does not diminish the fact that the sentencing order in the 2018 Case clearly sentenced Defendant to ninety days of imprisonment.

Finally, Defendant argues that there was "confusion" with respect to a docket entry in the 2018 Case. Defendant specifically notes that the "events" tab in that docket states that the state court gave Defendant a "COMMUNITY CONTROL SENTENCE." R. 376-2, Page ID #2722. Yet a docket notation does not determinate Defendant's sentence and has no relevance to the instant issue.[1] The text of the state court's sentencing order is the sole issue of concern, and that language is unambiguous in its ninety-day sentence.

This Court is to apply the rule of lenity only where there is "some degree of ambiguity." *McGee*, 494 F.3d at 555. There is no ambiguity in this case. The Mahoning County Court of Common Pleas clearly directed that Defendant was "to serve a term of ninety consecutive days of incarceration." R. 376-2, Page ID #2711. Nothing from that order indicates that Defendant was

---

[1] Defendant attempts to circumvent this by citing to (1) district court case law holding that courts speak through their dockets, *see Gamler v. Akron Beacon J.*, No. 91-CV-2600, 1995 WL 472176, at *5 (N.D. Ohio Feb. 28, 1995), *In re Oral Sodium Phosphate Sol.-Based ("OSPS") Prods. Liab. Action*, No. 09-SP-80000, 2009 WL 4404737, at *1 n.2 (N.D. Ohio Nov. 25, 2009); (2) an out-of-circuit case finding that the filing date of an order was not the date the order was signed by the district judge, but rather the date the order was placed on the docket because "a court can speak only through its record," *Eavenson v. Amresco, Inc.*, Nos. 99-10299, 99-10346, 2000 WL 554954, at *4, n.14 (5th Cir. 2000); and (3) a case from this Circuit holding that "the date a voluntary dismissal is filed must serve as the operative date of termination and the date from which any applicable statute of limitations is measured," *Hoyle v. Baeppler*, 280 F. App'x 511, 512 (6th Cir. 2008). None of those cases are applicable to the issue at hand. Each of those cases concerned facts wholly distinct from this case. Furthermore, none of those cases stand for the proposition that a sentence described in a sentencing order is transformed merely because a docket notation failed to reflect the full text of the sentencing order.

not sentenced to ninety days in prison or that he faced an alternative sentence that placed him below the sixty-day U.S.S.G. § 4A1.1(b) threshold. The rule of lenity is thus inapplicable to this case.

In summary, it is clear that Defendant was sentenced to more than sixty days of imprisonment. He therefore qualifies for the two-point criminal history score as defined in U.S.S.G. § 4A1.1(b). Thus, the district court did not err in applying two points for the sentence in the 2018 Case.

## III.    CONCLUSION

For the reasons set forth above, this Court **AFFIRMS** the judgment of the district court.