POWELL, Appellant,

v.

KEVIN COLEMAN MENTAL HEALTH CENTER, INC., Appellee.

[Cite as *Powell v. Kevin Coleman Mental Health
Ctr., Inc.* (1995), 101 Ohio App.3d 706.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67121.

Decided March 20, 1995.

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Thomas Mester* and *Harlan M. Gordon; Fieger & Fieger* and *Geoffrey Nels Fieger,* for appellant.

*Gallagher, Sharp, Fulton & Norman, Beverly A. Harris* and *Rocco D. Potenza,* for appellee.

HARPER, Judge.

Appellant, James Powell, appeals from the summary judgment granted in favor of appellee, Kevin Coleman Mental Health Center, Inc. ("the Clinic") by the Cuyahoga County Court of Common Pleas. For the reasons that follow, we dismiss for lack of jurisdiction.

Appellee is a non-profit mental health rehabilitation agency which offers counselling services to adults. One of the services appellee renders to individuals is psychiatric consultations.

Appellant visited the Clinic in 1987 for assistance. In 1990 appellant sought counselling from Dr. Thomas Joynes, who was a consultant with the Clinic. Appellant consulted with Joynes from 1990 until August 1991. Joynes prescribed certain medication for appellant.

Appellant filed an action in malpractice against the Clinic and Joynes on July 23, 1992. The Clinic filed a motion for summary judgment with several issues to be decided. The one relevant issue to this appeal is its claim that it cannot be held liable under *respondeat superior* for the negligence of Joynes because Joynes was an independent contractor. The court granted the Clinic's motion for summary judgment on the issue of *respondeat superior* on November 18, 1993. In its journal entry, the court stated that its judgment was *partial.*

On March 10, 1994, appellant filed a motion for a voluntary dismissal of the entire action. The court granted appellant's motion to dismiss on March 14, 1994.

On March 21, 1994, the court filed another journal entry declaring its judgment of November 18, 1993 final on all claims against the Clinic, stating "no just reason for delay."

On April 8, 1994, appellant filed a notice of appeal from the November 18, 1993 summary judgment in favor of the Clinic.

We shall attempt to follow the cause in the sequence it proceeded in the court below for a better understanding.

The summary judgment rendered on November 18, 1993 would be timely for appeal purposes if filed by December 19, 1993. But it was not.

On March 14, 1994 appellant filed a Civ.R. 41 motion voluntarily dismissing the entire case. So if appellant did not file an appeal because the November 18, 1993 entry of summary judgment was partial as indicated by the court, he effectively nullified the entry by his voluntary dismissal of March 14, 1994. If appellant filed his notice of appeal of April 8, 1994 pursuant to the final order of March 21, 1994, which disposed of all claims against the Clinic, and stated "no just cause for delay," it too was nullified by his voluntary dismissal of March 14, 1994.

The Ohio Supreme Court held in *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 11 OBR 396, 464 N.E.2d 142, that "after its voluntary dismissal, an action is treated as if it had never been commenced." *Id.* at 95, 11 OBR at 397, 464 N.E.2d at 144. See, also, *Johnston v. Cartwright* (C.A.8, 1965), 344 F.2d 773. In applying the rule of *Zimmie* to the present case, the voluntary dismissal of this case by appellant on March 14, 1994 deprived the trial court of further jurisdic-

tion over the cause and its journal entry of March 21, 1994 was entered without jurisdiction, and therefore, is null and void. Such entry is of no legal effect and no appeal can originate from it.

In summary, we hold that either way this case is viewed, this court lacks jurisdiction to review it according to law. The November 18, 1993 judgment was untimely filed on April 8, 1994. The March 21, 1994 judgment is null and void because it was filed after a dismissal.

Accordingly, this appeal is dismissed.

*Appeal dismissed.*

BLACKMON, P.J., and KARPINSKI, J., concur.