BRIGGS et al., Appellants,

v.

FEDEX GROUND PACKAGE SYSTEM, INC. et al., Appellees.

[Cite as *Briggs v. FedEx Ground Package Sys., Inc.*, 157 Ohio App.3d 643, 2004-Ohio-3320.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 03AP–694.

Decided June 24, 2004.

Smith, Phillips & Assoc., Scott Elliot Smith and Janet L. Phillips, for appellants.

Vorys, Sater, Seymour & Pease, LLP, William D. Kloss Jr. and Scott A. Kossoudji, for appellees.

PEGGY BRYANT, Judge.

{¶ 1} Plaintiffs-appellants, Linda Briggs, individually and as grandmother and legal guardian of Shanna Marler, appeal from a nunc pro tunc judgment of the Franklin County Court of Common Pleas that, after plaintiffs' Civ.R. 41(A)(1) dismissal of their action in the trial court, granted the summary judgment motion of defendants-appellees, FedEx Ground Package System, Inc. and Keith Huff. Because the trial court lacked jurisdiction to enter a nunc pro tunc judgment entry, we vacate the trial court's judgment.

{¶ 2} The facts underlying this appeal are largely undisputed. On August 8, 2002, plaintiffs filed a complaint in the common pleas court alleging that Huff negligently or recklessly operated a motor vehicle in the course and scope of his employment and, as a result, struck and dragged a bicycling juvenile, Shanna Marler. In addition to contending that FedEx was responsible under the theory of respondeat superior, plaintiffs alleged that FedEx negligently entrusted the vehicle to Huff when it knew or should have known that Huff was inexperienced or incompetent to operate the vehicle.

{¶ 3} In May 2003, the parties filed cross-motions for summary judgment. By decision and entry filed June 12, 2003 ("June 12 decision"), the trial court granted defendants' motion for summary judgment and denied plaintiffs' partial motion for summary judgment. At the conclusion of the court's explanation for its decision, the trial court instructed counsel for defendants to submit an entry journalizing the decision in accordance with Loc.R. 25.

{¶ 4} Apparently recognizing the inconsistency in its June 12 decision, the next day the trial court filed a nunc pro tunc decision and entry granting defendants' motion for summary judgment and denying plaintiffs' motion for partial summary judgment ("June 13 entry"). In it, the court noted that it had "mistakenly directed Defendants' counsel to submit an entry journalizing [the June 12 decision]. However, the Court's Decision was dispositive of the case and no claims or parties remain. As is evident from the caption of the Decision, the Court intended it to be a final entry." The court concluded the June 13 entry by stating that it "hereby issues this nunc pro tunc Decision and Entry Granting Defendants' Motion for Summary Judgment and Denying Plaintiffs' Motion for Partial Summary Judgment for the reasons contained in the Decision rendered June 12, 2003."

{¶ 5} Between the trial court's June 12 decision and its June 13 entry, plaintiffs filed a Civ.R. 41(A)(1) notice of dismissal. Specifically, plaintiffs voluntarily dismissed their action at 1:00 p.m. on June 13, thereby preceding the trial court's June 13 entry filed at 4:26 p.m. Plaintiffs timely appeal, assigning the following errors:

"I. The trial court erred in issuing and filing a nunc pro tunc entry on an earlier decision after dismissal of action was filed.

"II. The trial court erred in determining there was no genuine issue of material fact regarding the ordinary negligence of defendant Huff.

"III. The trial court erred in determining defendant Huff was not negligent per se for violating certain statutes and local ordinances."

{¶ 6} Plaintiffs' first assignment of error asserts that the trial court erred in filing its June 13 entry following plaintiffs Civ.R. 41(A) notice of dismissal.

{¶ 7} Civ.R. 41 governs the dismissal of actions: Civ.R. 41(A) pertains to voluntary dismissals, while Civ.R. 41(B) applies to involuntary dismissals. Civ.R. 41(A), in turn, provides two bases for a voluntary dismissal. Under Civ.R. 41(A)(1), a plaintiff may dismiss an action, without order of the court, by filing a notice of dismissal at any time before commencement of trial, unless a defendant has served a counterclaim that cannot remain pending for the trial court's independent adjudication. Unlike Civ.R. 41(A)(1), Civ.R. 41(A)(2) provides that, except as set forth in Civ.R. 41(A)(1), an action shall not be dismissed at plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper.

{¶ 8} Once a plaintiff files a notice of dismissal, the trial court is deprived of further jurisdiction over the case. *Powell v. Kevin Coleman Mental Health Ctr., Inc.* (1995), 101 Ohio App.3d 706, 656 N.E.2d 423; *Frazee v. Ellis Bros., Inc.* (1996), 113 Ohio App.3d 828, 682 N.E.2d 676. Indeed, plaintiffs' voluntary dismissal renders the action as if it had never been commenced. *Zimmie v. Zimmie* (1984), 11 Ohio St.3d 94, 95, 11 OBR 396, 464 N.E.2d 142.

{¶ 9} Relying on the foregoing principles, plaintiffs contend that the trial court lacked the jurisdiction to file the June 13 entry correcting its June 12 decision on the parties' summary judgment motions. Defendants respond with two contentions: (1) plaintiffs' notice of voluntary dismissal failed to comply with Loc.R. 22.04 and therefore was ineffective, and (2) the trial court's June 12 decision was a final judgment that plaintiffs' voluntary dismissal did not dissolve. Cf. *De Ville Photography, Inc. v. Bowers* (1959), 169 Ohio St. 267, 272, 8 O.O.2d 281, 159 N.E.2d 443 (noting that "[w]here an action or proceeding is dismissed without prejudice, rulings preceding the final judgment or decree of dismissal are, as a general proposition, not capable of becoming *res judicata*").

{¶ 10} Loc.R. 22.04 requires that all Civ.R. 41(A) dismissals, whether or not the trial judge has signed them, be presented to the bailiff for termination before filing. Plaintiffs concede that they did not present their Civ.R. 41(A)(1) dismissal to the bailiff before filing it. Thus, the issue under defendants' first contention is whether plaintiffs' failure to comply with the dictates of Loc.R. 22.04 renders plaintiffs' dismissal ineffective.

{¶ 11} As defendants properly note, Section 5, Article IV, Ohio Constitution provides that "[c]ourts may adopt additional rules concerning local practice in their respective courts which are not inconsistent with the rules promulgated by the supreme court." See, also, Civ.R. 83(1). Even though Civ.R. 41(A)(2) permits the court to impose terms and conditions on a dismissal, Civ.R. 41(A)(1) allows a plaintiff to terminate a case without the trial court's intervention; no court approval is necessary. *Payton v. Rehberg* (1997), 119 Ohio App.3d 183, 191,

694 N.E.2d 1379. While we recognize a valid administrative purpose behind Loc.R. 22.04, we nonetheless are compelled to conclude that Loc.R. 22.04 is inconsistent with Civ.R. 41(A)(1). By requiring that a Civ.R. 41(A) notice of dismissal be presented to the court's bailiff *prior* to filing, Loc.R. 22.04 undermines a plaintiff's unilateral authority to dismiss a case under Civ.R. 41(A)(1). In effect, it adds a condition to Civ.R. 41(A)(1) and requires court review, if not approval. Although the court is empowered to attach such a condition to a Civ.R. 41(A)(2) filing, it may not by local rule engraft such a condition to a Civ.R. 41(A)(1) dismissal.

{¶ 12} Whether a local rule requiring presentation of the Civ.R. 41(A)(1) notice of dismissal to the bailiff *following* filing would achieve the same administrative purpose and comply with Civ.R. 41(A)(1), we need not address in this case. Rather, we determine only that Loc.R. 22.04 is inconsistent with Civ.R. 41(A)(1) in requiring that a plaintiff's voluntary notice of dismissal under Civ.R. 41(A)(1) be subject to presentation to the court's bailiff prior to its effectiveness on filing. Because plaintiffs' Civ.R. 41(A)(1) notice of dismissal was effective upon filing, the trial court lacked jurisdiction to enter its June 13 entry following plaintiffs' notice of dismissal. See *Powell*, supra (concluding that plaintiff's voluntary dismissal pursuant to Civ.R. 41[A][1] deprived the court of jurisdiction and rendered void the court's subsequent journal entry attempting to declare a prior partial summary judgment to be final).

{¶ 13} Defendants nonetheless contend that, even if plaintiffs' Civ.R. 41(A)(1) dismissal was effective on filing, it nonetheless was ineffective in eliminating the judgment against plaintiffs, as defendants contend that the trial court's June 12 filing was a final judgment.

{¶ 14} As defendants correctly note, the trial court's June 12 filing is entitled "Decision and Entry" on defendants' summary judgment motion, as well as "Decision and Entry" on plaintiffs' motion for partial summary judgment. While such language ordinarily would render the decision a final judgment, the trial court's June 12 filing specifically instructs counsel for defendants to "submit an entry journalizing this Decision in accordance with Loc. R. 25 on or before July 2, 2003." As a result, the title of the document contradicts the language the trial court employed in the body of the document. Generally, we look to the substance of the document, rather than its title, in ascertaining whether the document is a final appealable order. Here, because the body of the document suggests that it was not intended to be a final judgment in the action, we conclude that it is not a final judgment. As a result, plaintiffs' voluntary notice of dismissal preceded any final judgment and was effective in dismissing the action before the trial court could file its nunc pro tunc entry. See *Powell*, supra.

{¶ 15} In the final analysis, without expressing any opinion as to the merits of filing a voluntary dismissal following a trial court's decision on a summary judgment motion, we conclude that plaintiffs' filing a Civ.R. 41(A)(1) notice of dismissal effectively dismissed their action before the trial court filed its June 13 entry. As a result, the trial court lacked jurisdiction to take further action following plaintiffs' voluntary dismissal. Plaintiffs' first assignment of error is sustained, rendering moot their second and third assignments of error. Accordingly, the trial court's judgment, reflected in its June 13 entry, is vacated.

*Judgment vacated.*

BOWMAN and WATSON, JJ., concur.