{¶ 16} I concur completely with the well-reasoned analysis of the majority in this matter and their discussion of the difference between Civ.R 41(A)(1) and 41(A)(2) dismissals. I write separately to address two additional factors that should cause the reversal and remand of this matter. It is important to note that in Case No. 328030, filed January 24, 1997 (the First Complaint), Dr. Andrish was never named as a party, nor served with a Complaint. The first time Dr. Andrish was named as a defendant by Sarah Olynyk was in the instant case, Case No. 463860, and that case has only been dismissed once.
 {¶ 17} Further, in the case before us, Dr. Andrish was dismissed by notice, subject to refiling within one year of January 13, 2005. At that point, the trial court was wholly divested of jurisdiction to enter orders in regard to Dr. Andrish; hence the court's sua sponte dismissal with prejudice of claims against Dr. Andrish 11 days later was void, as the court was then without jurisdiction. Once a plaintiff files a notice of dismissal, the trial court is deprived of further jurisdiction over the case. Briggs v. Fedex Ground Package Sys.,157 Ohio App.3d 643, 2004-Ohio-3320. This court has ruled that a Civ.R. 41(A)(1)(a) dismissal is self-executing and gives a plaintiff an absolute right to terminate his or her cause of action voluntarily and unilaterally at any time prior to commencement of trial without order of the court and without giving notice to opposing counsel. Rini v. Rini, Cuyahoga App. No. 80225, 2002-Ohio-648. The mere filing of the notice of dismissal with the clerk of courts completely divests the court of jurisdiction. In short, even if this were a second-time notice of voluntary dismissal, the court was without jurisdiction at that instance to convert it to a dismissal with prejudice. The issue of whether Olynyk could refile could only be addressed if and when there was a subsequent filing.