JOURNAL ENTRY AND OPINION
{¶ 1} On February 23, 2007, the petitioner, Orville E. Stifel, II, Co., L.P.A., commenced this prohibition action against the respondent, Judge Angela Stokes, to prevent the judge from determining a motion for sanctions or otherwise exercising any jurisdiction in the underlying case, Orville E. Stifel, II, Co., L.P.A. v. Kosmatka, Cleveland Municipal Court Case No. 06 CVF 09602. The petitioner also sought an alternative writ of prohibition. For the following reasons, this court denies the application for a writ of prohibition and the motion for an alternative writ. *Page 3 
 {¶ 2} As gleaned from the complaint, the petitioner sought the services of Walter J. Kosmatka as an expert in a wrongful death action. The petitioner paid Kosmatka a refundable "retainer" fee for a deposition. When the deposition did not go forward, Kosmatka refused to refund the fee. The petitioner in April 2006 commenced the underlying case against Kosmatka and alleged various claims, including fraud, breach of contract, and punitive damages. In paragraph 3 of the complaint, the petitioner averred that Kosmatka in a written report in the wrongful death case had stated certain light meter readings at the crash scene. However, "the light meter readings reported by Kosmatka could not be replicated by experts engaged by the Hawes estate, and appeared to have been fabricated."
 {¶ 3} Kosmatka moved to strike paragraph 3, and on September 22, 2006, the respondent judge granted that motion in part and ordered the words "appeared to have been fabricated" stricken from the complaint. Then on October 10, 2006, the petitioner voluntarily dismissed the underlying case pursuant to Civ.R. 41(A)(1), and refiled the matter in Lyndhurst Municipal Court on October 16, 2006. After the Lyndhurst Municipal Court had served Kosmatka, he filed a motion for sanctions and attorney fees in the underlying case in Cleveland Municipal Court, alleging that the petitioner had included irrelevant/immaterial matters in the complaint.
 {¶ 4} The petitioner opposed the motion on the grounds that the voluntary dismissal terminated the Cleveland Municipal Court's jurisdiction and dissolved the *Page 4 
respondent judge's interlocutory order striking the subject language. As this court stated in Powell v. Kevin Coleman Mental Health Ctr.,Inc. (1995), 101 Ohio App.3d 706, 707, 656 N.E.2d 423, "after [a] voluntary dismissal, an action is treated as if it had never been commenced," citing Zimmie v. Zimmie (1984), 11 Ohio St.3d 94, 95,464 N.E.2d 142. Additionally, a voluntary dismissal deprives the trial court of further jurisdiction over the cause, and any subsequent entry is null and void. State ex rel. National City Bank v. Cuyahoga Cty. Common PleasCourt (1950), 56 Ohio Law Abs. 531, 92 N.E.2d 824, and Goble v. Univ.Hosp. of Cleveland (1997), 119 Ohio App.3d 555, 695 N.E.2d 1171.
 {¶ 5} Moreover, the petitioner argued the exercise of jurisdiction over the underlying case would interfere with the Lyndhurst Municipal Court's exclusive jurisdiction over the matter. The jurisdictional priority rule provides that between state courts of concurrent jurisdiction, "the tribunal whose power is first invoked by the institution of proper proceedings acquires jurisdiction, to the exclusion of all other tribunals, to adjudicate upon the whole issue and to settle the rights of the parties." State ex rel. Shimko v.McMonagle, 92 Ohio St.3d 426, 429, 2001-Ohio-301, 751 N.E.2d 472. The petitioner further argued that the need to apply the jurisdictional priority rule is particularly acute in the instant matter, because the determination of whether Kosmatka's findings were or were not fabricated would necessarily influence the proceedings in the Lyndhurst Municipal Court, which would be *Page 5 
examining the identical issue. The respondent judge did not find these arguments persuasive and scheduled a hearing on the motion for sanctions for March 2, 2007.
 {¶ 6} The petitioner then commenced this prohibition action. In addition to repeating the above arguments, the petitioner added that prohibition is the proper remedy for enforcing the termination of jurisdiction and jurisdictional priority rules. State ex rel. Rice v.McGrath (1991), 62 Ohio St.3d 70, 577 N.E.2d 1100; The John Weenink Sons Co. v. Court of Common Pleas of Cuyahoga Cty. (1948),150 Ohio St. 349, 82 N.E.2d 730; and State ex rel. Phillips v. Polcar (1977),50 Ohio St.2d 279, 364 N.E.2d 33.
 {¶ 7} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State ex rel.Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause, which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v.McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel.Sparto v. Juvenile Court of Darke Cty. (1950), 153 Ohio St. 64, 65,90 N.E.2d 598. Furthermore, it should be *Page 6 
used with great caution and not issue in a doubtful case. State ex rel.Merion v. Tuscarawas Cty. Court of Common Pleas (1940),137 Ohio St. 273, 28 N.E.2d 273; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
 {¶ 8} Nevertheless, when a court is patently and unambiguously without jurisdiction to act whatsoever, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. State ex rel.Tilford v. Crush (1988), 39 Ohio St.3d 174, 529 N.E.2d 1245 andState ex rel. Csank v. Jaffe (1995), 107 Ohio App.3d 387,668 N.E.2d 996. However, absent such a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction. A party challenging the court's jurisdiction has an adequate remedy at law via appeal from the court's holding that it has jurisdiction. State ex rel. Rootstown LocalSchool Dist. Bd. of Edn. v. Portage County Court of Common Pleas (1997),78 Ohio St.3d 489, 678 N.E.2d 1365 and State ex rel. Bradford v.Trumbull Cty. Court, 64 Ohio St.3d 502, 1992-Ohio-116, 597 N.E.2d 116. Moreover, the court has discretion in issuing the writ of prohibition.State ex rel. Gilligan v. Hoddinott (1973), 36 Ohio St.2d 127,304 N.E.2d 382.
 {¶ 9} Many courts have held that a trial court does not lose jurisdiction to hear collateral matters, such as a motion for sanctions, after a case has been dismissed. In Indus. Risk Insurers v. LorenzEquip. Co., 69 Ohio St.3d 576, 580, 1994-Ohio-442, *Page 7 635 N.E.2d 14, the Ohio Supreme Court stated that, because Ohio's Civ.R. 41 is based on Fed.R.Civ.P. 41, the federal interpretation of the rule is persuasive authority in interpreting Ohio's rule. The Ohio Supreme Court then stated the Supreme Court of the United States has held that the imposition of Rule 11 sanctions after a voluntary dismissal of a case under Civil Rule 41 does not infringe upon the right to dismiss under that rule. "The Supreme Court reasoned that Rule 11 sanctions are collateral to the action, and that it is well established that federal courts may consider collateral issues after an action is no longer pending." In State ex rel. Hummel v. Sadler, 96 Ohio St.3d 84, 88,2002-Ohio-3605, 771 N.E.2d 853, the petitioner sought a writ of prohibition to prevent a judge from hearing a motion for sanctions after the case had been dismissed. The Supreme Court refused to grant the writ of prohibition, noting that "despite a voluntary dismissal under Civ.R. 41(A)(1), a trial court may consider collateral issues not related to the merits of the action." This case also shows that appeal is an adequate remedy to contest a trial court's jurisdiction when the trial court is not patently and unambiguously without jurisdiction.
 {¶ 10} In State ex rel. Richard Gaier Co., L.P.A. v. Kessler (1994),97 Ohio App.3d 782, 785, 647 N.E.2d 564, a party filed a Civ.R. 11 motion for sanctions after a Civ.R. 41(A)(1) dismissal had been filed. The Court of Appeals declined to issue a writ of prohibition despite the termination of jurisdiction, because "the filing of a *Page 8 
voluntary dismissal does not divest the trial court of jurisdiction over a motion for sanctions * * *." See also, Blackburn v. Lauder (Nov. 12, 1996), Lawrence App. No. 96CA5 (the trial court retained jurisdiction for the purpose of considering a motion for attorney fees even after the voluntary dismissal of the case); Stone v. House of Day Funeral Service,Inc. (2000), 140 Ohio App.3d 713, 748 N.E.2d 1200. Cf. State ex rel.,Richard v. Cuyahoga Cty. Bd. of Commrs. (1995), 100 Ohio App.3d 592,654 N.E.2d 443 (the court through its inherent powers had the authority to consider a motion for sanctions after the filing of a voluntary dismissal).
 {¶ 11} These authorities, holding that a court retains jurisdiction to consider a motion for sanctions after a voluntary dismissal, lead this court to conclude that the respondent judge is not patently and unambiguously without jurisdiction to consider the motion for sanctions. This retention of jurisdiction and the policy which allows courts to consider motions for sanctions are too well established to deny that the respondent has sufficient jurisdiction to determine her own jurisdiction. Nor does the priority of jurisdiction rule necessitate a different result. The motion for sanctions on its face differs from the claims brought by petitioner against Kosmatka. Nor is it clear that the priority of jurisdiction rule should prevent another trial court from controlling its own efficient and prudent operation and the conduct of the parties which appeared before it. The petitioner has a remedy through appeal, if necessary, to further contest the issue of jurisdiction. Accordingly, this court declines to issue the *Page 9 
writ of prohibition. Petitioner to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
COLLEEN CONWAY COONEY, PRESIDING JUDGE
 CHRISTINE T. MCMONAGLE, J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1