OPINION *Page 3 
{¶ 1} The plaintiff-appellant, Nicholas J. Kinstle, appeals the judgment of the Union County Common Pleas Court finding him to be a vexatious litigator pursuant to R.C. 2323.52 and sanctioning him pursuant to R.C. 2323.51.
 {¶ 2} On November 22, 2006, Kinstle filed a pro se complaint in the Union County Common Pleas Court. Kinstle named as defendants the Union County Sheriff's Office, Cincinnati Insurance Company, McCracken Trucking Excavating, First National Bank of Pandora, Citizens National Bank of Bluffton, Cliff Barber, Richard Warren,[1] the Supreme Court of Ohio, and the Allen County Clerk of Courts. Kinstle alleged that in Allen County Common Pleas Court case number CV-2005-0435, the court entered an order of possession for a Caterpillar 627B tractor. The Union County Sheriffs Office subsequently executed the order and took possession of the tractor and a Caterpillar 627B motorscraper. Kinstle mentioned that Cincinnati Insurance Company had posted a surety bond of $90,000 in Allen County. However, in the first count of his complaint, Kinstle sought the return of the scraper and payment for damages incurred when the sheriff executed the order of possession. The first claim was levied against the Union County Sheriffs Office, McCracken Trucking Excavating, First National Bank of Pandora, and Judge Warren. In the second count of his complaint, Kinstle *Page 4 
asserted a claim for fraud against Citizens National Bank of Bluffton, Cliff Barber, and Judge Warren.
 {¶ 3} On December 22, 2006, Cincinnati filed a motion to dismiss pursuant to Civ.R. 12(B)(6). Cincinnati also filed a motion requesting that the court sanction Kinstle pursuant to Civ.R. 11 and that the court declare Kinstle a vexatious litigator pursuant to R.C. 2323.52. The motion was supported by a memorandum, which requested only a declaration that Kinstle is a vexatious litigator. The combined motion and memorandum did not address or request specific sanctions nor mention Civ.R. 11 other than in the caption. On December 26, 2005, the trial court filed a judgment entry setting a hearing date on Cincinnati's motion for sanctions and a vexatious litigator declaration. The court also converted the Civ.R. 11 motion for sanctions to an R.C. 2323.51
motion for sanctions since Kinstle was acting pro se.
 {¶ 4} On December 26, 2006, Judge Warren filed a motion to dismiss pursuant to Civ.R. 12(B)(6). On January 16, 2007, the trial court granted Cincinnati's motion to dismiss, and on January 18, 2007, the trial court granted Warren's motion, thus dismissing both defendants from the litigation. The sheriff, McCracken, and First National Bank filed answers; the sheriff filed a motion for judgment on the pleadings; and First National Bank, Citizens National Bank, and *Page 5 
Barber filed motions to dismiss. There were no answers or motions to dismiss filed by Defendants Ohio Supreme Court or Allen County Clerk of Courts.
 {¶ 5} On January 25, 2007, the court held a hearing on Cincinnati's motion for sanctions. At the conclusion of the hearing, the court found that Kinstle was a vexatious litigator, based on the instant matter and several other cases filed in Allen County Common Pleas Court, and sanctioned him pursuant to R.C. 2323.51 for the amount of attorney's fees. However, the court allowed the parties time to submit their fees and allowed Kinstle time to object to the amounts requested. On March 6, 2007, the trial court filed its judgment entry, declaring Kinstle a vexatious litigator, ordering him to pay attorney's fees for Cincinnati, and ordering the other defendants to submit their requests for attorneys' fees. In its order, the court noted that Kinstle had filed a Civ.R. 41(A) dismissal on January 29, 2007, and it accordingly overruled several motions filed by the other defendants in the case. Kinstle appeals the trial court's judgment and asserts four assignments of error for our review.
 First Assignment of Error A litigant may not be held to be a "vexatious litigator" pursuant to O.R.C. § 2323.52 in a collateral proceeding to a lawsuit; a separate civil action must be filed and conducted according to the Rules of Civil Procedure. *Page 6 
 Second Assignment of Error It is error for a trial court to determine a party is a "vexatious litigator" unless it has first gone through each civil case presented as an exhibit and determined whether certain contested actions taken within each case constitute vexatious conduct in that they served merely to harass or maliciously injure another party to the civil action or they were unwarranted under existing law and could not be supported by a good faith argument.
 Third Assignment of Error It is error to find a wrongful replevin lawsuit to be frivolous when the type of claim is recognized, there is colorable evidence of wrongfulness and a colorable action on a bond is undertaken.
 Fourth Assignment of Error It is error to impose sanctions under O.R.C. § 2323.51 for frivolous litigation unless the respondent has been given written notice of the movant's intentions; an oral motion or sua sponte amendment of a Civil Rule 11 sanctions by the trial court does not comply with statutory requirements.
 {¶ 6} In the first assignment of error, Kinstle contends that R.C.2323.52 (the vexatious litigator statute) requires the commencement of a separate civil action in order for the court to declare a person a vexatious litigator. Kinstle argues that the mere filing of a motion seeking a declaration that a person is a vexatious litigator is not a "civil action," and therefore concludes that the trial court erred by granting Cincinnati's motion to declare him a vexatious litigator. In response, Cincinnati contends that the filing of a motion asking the court to declare a person a vexatious litigator is sufficient to satisfy due process. *Page 7 
Cincinnati directs us to Mayer v. Bristow, 91 Ohio St.3d 3,2000-Ohio-109, 740 N.E.2d 656, quoting Cent. Ohio Transit Auth. v.Timson (1998), 132 Ohio App.3d 41, 50, 724 N.E.2d 458, which merely sets forth the rationale behind the vexatious litigator statute, to support its argument that a separate civil action need not be filed to satisfy R.C. 2323.52.
 {¶ 7} As an initial matter, we note that the trial court had jurisdiction to rule on Cincinnati's motion for sanctions, even after Kinstle dismissed his complaint pursuant to Civ.R. 41(A), because sanctions are collateral to the underlying litigation. Williams v.Thamann, 1st Dist. Nos. C-060632 and C-060633,2007-Ohio-4320, at ¶ 5, citing Dyson v. Adrenaline DreamsAdventures (2001), 143 Ohio App.3d 69, 72, 757 N.E.2d 401. See alsoState ex rel. Stifel v. Stokes, 8th Dist. No. 89466,2007-Ohio-997, at ¶ 9-10, citing State ex rel. Hummel v. Sadler,96 Ohio St.3d 84, 88, 2002-Ohio-3605, 771 N.E.2d 853. In each of the above cited cases, and in many other cases too numerous to cite herein, Ohio courts have held that trial courts retain jurisdiction after a Civ.R. 41(A) dismissal to consider collateral matters, specifically, motions for sanctions under Civ.R. 11 and R.C. 2323.51. This rule has not been applied to cases concerning the declaration of a vexatious litigator.
 {¶ 8} R.C. 2323.52 provides in pertinent part:
 (B) A person, * * * who has defended against habitual and persistent vexatious conduct in the court of claims or in a court *Page 8 of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator. The person, * * * may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred.
 (C) A civil action to have a person declared a vexatious litigator shall proceed as any other civil action, and the Ohio Rules of Civil Procedure apply to the action.
(Emphasis added). The term "civil action" is not defined in the Revised Code. However, other appellate districts have determined that oral motions made during arguments on a summary judgment motion and affirmative defenses do not constitute "civil actions" for purposes of R.C. 2323.52. State ex rel. Naples v. Vance, 7th Dist. No. 02-CA-181, 2003-Ohio-4738, at ¶ 17 (holding that an affirmative defense requesting that person be declared a vexatious litigator is not a "civil action"); Howard v. Indust. Commission, 6th
Dist. No. L-04-1037, 2004-Ohio-5672, at ¶ 6-7 (holding that there is no authority in the Civil Rules or Revised Code allowing the court to declare a person a vexatious litigator upon oral motion made at arguments on a summary judgment motion).
 {¶ 9} The Supreme Court has stated:
 "The purpose of the vexatious litigator statute is clear. It seeks to prevent abuse of the system by those persons who persistently and habitually file lawsuits without reasonable grounds and/or *Page 9 otherwise engage in frivolous conduct in the trial courts of this state. Such conduct clogs the court dockets, results in increased costs, and oftentimes is a waste of judicial resources-resources that are supported by the taxpayers of this state. The unreasonable burden placed upon courts by such baseless litigation prevents the speedy consideration of proper litigation."
(Emphasis added). Mayer, at 13, quoting Timson. Contrary to Cincinnati's assertion, the court's statement refers merely to the rationale behind R.C. 2323.52 and provides no guidance concerning the requirement of a separate civil action. Cincinnati also relies on Borger v.McErlane, 1st Dist. No. C-010262, 2001-Ohio-4030, in which the court upheld a vexatious litigator declaration requested through the appellee's counterclaim. In this case, Cincinnati did not file a counterclaim, so we need not determine whether a counterclaim is a "separate civil action" for purposes of R.C. 2323.52. Pursuant to Civ.R. 3, a "civil action is commenced by filing a complaint with the court * * *." Clearly, filing a motion in a pending cause of action is not the equivalent of "commencing a civil action" as intended by both R.C. 2323.52 and Civ.R. 3.
 {¶ 10} Cincinnati also contends that any error in this case is non-prejudicial because a motion asking the court to declare a person a vexatious litigator provides the same level of protection under due process as the filing of a complaint in a separate action. However, Kinstle's appeal does not address the issue of notice. While Cincinnati's argument may or may not be accurate, it constitutes an irrelevant issue since R.C. 2323.52 unambiguously requires the *Page 10 
commencement of a "civil action," and we have determined that a motion is not the equivalent of a complaint. Furthermore, we do not accept Cincinnati's proposition set forth at oral arguments that the General Assembly simply forgot to include the words "or motion" when it drafted R.C. 2323.52. Although Kinstle is correct that the trial court erred when it declared him a vexatious litigator upon Cincinnati's motion, there is a further problem in this matter relating to the trial court's jurisdiction.
 {¶ 11} Civ.R. 41(A) permits a plaintiff to voluntarily dismiss his or her case at any time prior to trial without an order of the court "unless a counterclaim that cannot remain pending for independent adjudication by the court has been properly asserted by the defendant."Thamann, at ¶ 5, citing Civ.R. 41(A)(1). In this case, Cincinnati filed only a motion to dismiss pursuant to Civ.R. 12(B)(6). At no time did Cincinnati file an answer. As noted above, R.C. 2323.52 requires a "civil action," which may be instituted by the filing of a complaint. Although we do not determine whether a counterclaim is sufficient for R.C. 2323.52, Cincinnati did not file a counterclaim. Accordingly, once Kinstle filed his Civ.R. 41(A) dismissal, the trial court was divested of jurisdiction to enter judgment declaring Kinstle a vexatious litigator. Since the trial court did not have jurisdiction to do so, and since a separate civil action was not commenced seeking a vexatious litigator declaration, the judgment entry of March 6, 2007 is void insofar as it *Page 11 
declares Kinstle a vexatious litigator. Kinstle's first assignment of error is sustained.
 {¶ 12} In the second assignment of error, Kinstle contends the trial court was required to review the individual "civil actions" he had filed to properly determine whether he was a vexatious litigator, and in the third assignment of error, he argues that he could not be declared a vexatious litigator because he had a good faith basis for his claims, which were colorable. Having sustained the first assignment of error, the second and third assignments of error are moot and need not be determined.
 {¶ 13} In the fourth assignment of error, Kinstle contends the trial court erred when it converted Cincinnati's motion for sanctions, filed pursuant to Civ.R. 11, into a motion for sanctions filed pursuant to R.C. 2323.51, apparently because he lacked notice of the nature of the proceedings. Cincinnati contends that Kinstle had notice of the sanctions hearing and therefore has suffered no prejudice.
 {¶ 14} As stated above, ordinarily, a motion for sanctions is a collateral action, which will survive a Civ.R. 41(A)(1) dismissal. However, appellate jurisdiction is limited to review of lower courts' final judgments. Section 3(B)(2), Article IV of the Ohio Constitution. To be a final, appealable order, a judgment entry must meet the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). ChefItaliano Corp.v. Kent State Univ. (1989), 44 Ohio St.3d 86, 88, *Page 12 
541 N.E.2d 64. R.C. 2505.02(B)(1) provides that a final appealable order is "[a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."
 {¶ 15} We have previously determined in this case that the trial court's order, insofar as it addresses the payment of attorneys' fees as sanctions, was not a final, appealable order. (J. Entry, May 21, 2007).[2] As noted above, the trial court allowed all defendants involved in this litigation to request attorneys' fees by a certain date. On March 14, 2007, the Union County Sheriffs Office requested attorney's fees, and the motion was granted on March 15, 2007. Additionally, Citizens National Bank and Cliff Barber filed a joint motion for attorneys' fees, and Judge Warren also filed a request. None of the remaining defendants requested attorneys' fees, and Kinstle filed an objection as permitted pursuant to the court's March 6, 2007 judgment entry. However, the trial court lacked jurisdiction to determine the issue of attorneys' fees for Citizens National Bank, Barber, or Judge Warren, when Kinstle filed his notice of appeal on April 5, 2007. As this Court noted in its prior journal entry, there were pending claims concerning sanctions for attorneys' fees and therefore, the March 6, 2007 judgment entry is not a final, appealable order as to that issue. The appeal is dismissed as to the fourth assignment of error. *Page 13 
 {¶ 16} Consistent with this opinion, the appeal is dismissed in part, and the judgment of the Union County Common Pleas Court is reversed in part. This cause is remanded to the trial court.
ROGERS, P.J., and PRESTON, J., concur.
[1] Kinstle's complaint named Richard Warren as a defendant. However, the actual claim was made against Warren in his capacity as judge of the Allen County Common Pleas Court.
[2] In the same journal entry, we determined that the trial court's vexatious litigator declaration was a final appealable order, even without a Civ.R. 54(B) certification. Therefore, we need not revisit that issue herein. *Page 1