[Cite as *State v. Askew*, 2015-Ohio-4125.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | Case No. 2015CA00034 |
| SERO DUVALL ASKEW | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Stark County Court of
                               Common Pleas, Case No. 2004CR0449


JUDGMENT:                      Affirmed in part and Reversed in part


DATE OF JUDGMENT ENTRY:        September 30, 2015


APPEARANCES:


For Plaintiff-Appellee                 For Defendant-Appellant


JOHN D. FERRERO,                       SERO DUVALL ASKEW, PRO SE
Prosecuting Attorney,                  Inmate No. A471-494
Stark County, Ohio                     Richland Correctional Institution
                                       P.O. Box 8107
By: KATHLEEN O. TATARSKY               Mansfield, Ohio 44901
Assistant Prosecuting Attorney
Appellate Section
110 Central Plaza, South - Suite 510
Canton, Ohio 44702-1413

*Hoffman, J.*

{¶1}   Defendant-appellant Sero Duvall Askew appeals the February 13, 2015 Judgment Entry entered by the Stark County Court of Common Pleas.  Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE.[1]

{¶2}   On July 30, 2004, Appellant entered a plea of no contest pursuant to a negotiated plea deal to three counts of trafficking in cocaine and three counts of possession of cocaine, together with a major drug offender specification.

{¶3}   Via Judgment Entry of August 4, 2004, the trial court imposed an aggregate prison term of fifteen years in prison, suspending Appellant's driver's license for five years and a fine of $10,000.  This Court affirmed Appellant's conviction and sentence via Opinion and Judgment Entry in *State v. Askew,* Stark App. No. 2004-CA-00275, 2005-Ohio--3194.

{¶4}   On December 18, 2009, Appellant filed a motion to correct/revise the sentencing journal entry to comply with Criminal Rule 32(C).

{¶5}   On March 3, 2010, the trial court conducted a de novo sentencing hearing at which time Appellant orally requested the trial court allow him to withdraw his plea. The trial court denied Appellant's motion to withdraw plea. The trial court continued to resentence Appellant pursuant to the direction of *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434. The trial court journalized the sentence via Judgment Entry of March 23, 2010.

---

[1] A rendition of the underlying facts is unnecessary for our resolution of this appeal.

{¶6} On September 30, 2014, Appellant filed a motion to vacate his sentence, challenging the imposition of sentence as being contrary to law and void. Also on December 3, 2014, Appellant filed another motion to withdraw his no contest plea, arguing ineffective assistance of counsel at sentencing.

{¶7} On January 22, 2015, the State filed a response to the motion to vacate judgment of sentence and motion to withdraw no contest plea. The State's response asked the trial court to declare Appellant a vexatious litigator.

{¶8} Via Judgment Entry of January 22, 2015, the trial court denied both motions filed by Appellant and declared Appellant a vexatious litigator.

{¶9} Appellant appeals, assigning as error:

{¶10} "I. THE TRIAL COURT ABUSE [SIC] ITS DISCRETION WHEN IT DENIED APPELLANT HIS FOURTEENTH AMENDMENT DUE PROCESS PROTECTION BY FAILING TO CORRECT ITS IMPOSITION OF SENTENCE WHICH IS CONTRARY TO LAW.

{¶11} "II. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S CRIM.R. 32.1 MOTION TO WITHDRAW HIS NO CONTEST PLEA WHERE TRIAL COUNSEL FAILED TO OBJECT TO A SENTENCE BASED UPON ALLIED OFFENSES OF SIMILAR IMPORT IN VIOLATION OF STATE AND FEDERAL DOUBLE JEOPARDY PROHIBITIONS.

{¶12} "III. THE TRIAL COURT IMPOSED A VOID SENTENCE WHEN IT BASED ITS FACT-FINDINGS FOR A NON-MINIMUM PRISON TERM PURSUANT TO R.C. 2929.14(B), WHICH WAS DECLARED UNCONSTITUTIONAL AND SEVERED BY THE OHIO SUPREME COURT.

**{¶13}** "IV. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT LABELED APPELLANT A VEXATIOUS LITIGATOR PURSUANT TO O.R.C. §2323.52 WITHOUT FILING A COMPLAINT."

I, II, III.

**{¶14}** Appellant's first three assigned errors challenge the trial court's denial of Appellant's motions to vacate judgment of sentence and to withdraw his plea.

**{¶15}** Initially, we note, this Court's February 12, 2010 Judgment Entry finds the trial court without authority to vacate Appellant's plea after affirming his convictions herein. Our February 12, 2010 Opinion reads,

> We need not analyze the merits of Appellant's argument as it is clear the trial court is without jurisdiction to vacate Appellant's plea after this Court has affirmed his conviction. *See, State v. Special Prosecutors v. Judges, Belmont County Court of Common Pleas* (1978), 55 Ohio St.2d 94. The Ohio Supreme Court recently reaffirmed its holding in *Special Prosecutors* in *State v. Letterer*, 126 Ohio St.3d 448, 2010-Ohio-3831. Based on the foregoing authority, Appellant's first assignment of error is overruled.

**{¶16}** Appellant was resentenced on March 3, 2010, pursuant to *State v. Singleton*, 124 Ohio St.3d 173, 2009-Ohio-6434, to correct errors and deficiencies with regard to notifications of post-release control. We find the arguments raised in Appellant's first three assigned errors could have been raised or were raised on direct appeal. Therefore, we find the arguments raised herein in Appellant's first, second and third assigned errors are barred by the doctrine of res judicata.

**{¶17}** In *State v. Kalish,* 120 Ohio St.3d 23, 896 N.E.2d 124, 2008–Ohio–4912, the Ohio Supreme Court established a two-step procedure for reviewing a felony sentence. The first step is to "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4. Upon review of Appellant's sentence, we find Appellant's sentence is not void and is within the statutory range.

**{¶18}** Appellant's first, second and third assigned errors are overruled.

IV.

**{¶19}** In the fourth assigned error, Appellant challenges the trial court's finding him a vexatious litigator without the filing of a complaint pursuant to R.C. 2323.52.

**{¶20}** R.C. 2323.52 reads, in pertinent part,

> (3) "Vexatious litigator" means any person who has habitually, persistently, and without reasonable grounds engaged in vexatious conduct in a civil action or actions, whether in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court, whether the person or another person instituted the civil action or actions, and whether the vexatious conduct was against the same party or against different parties in the civil action or actions. "Vexatious litigator" does not include a person who is authorized to practice law in the courts of this state under the Ohio Supreme Court Rules for the Government of the Bar of Ohio unless that person is representing or has represented self pro se in the civil action or actions.

(B) *A person, the office of the attorney general, or a prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation who has defended against habitual and persistent vexatious conduct in the court of claims or in a court of appeals, court of common pleas, municipal court, or county court may commence a civil action in a court of common pleas with jurisdiction over the person who allegedly engaged in the habitual and persistent vexatious conduct to have that person declared a vexatious litigator.* The person, office of the attorney general, prosecuting attorney, city director of law, village solicitor, or similar chief legal officer of a municipal corporation may commence this civil action while the civil action or actions in which the habitual and persistent vexatious conduct occurred are still pending or within one year after the termination of the civil action or actions in which the habitual and persistent vexatious conduct occurred. (Emphasis added).

**{¶21}** On February 13, 2015, the State filed a Response in Opposition which included a paragraph asking the trial court to label Appellant a vexatious litigator. In *Kinstle v. Union Cty Sheriff's Office,* 3rd Dist., 2007-Ohio-6024, the Third District Court of Appeals held, "R.C. 2323.52 unambiguously requires the commencement of a 'civil action' and a motion is not the equivalent of a complaint." The Court further noted, pursuant to Civil Rule 3, "a civil action is commenced by filing a complaint with the court." Id.

**{¶22}** Based upon the foregoing, we find the trial court erred in finding Appellant a vexatious litigator without the State having filed a separate complaint.

{¶23} Appellant's fourth assignment of error is sustained. The trial court's finding Appellant to be a vexatious litigator is reversed.

{¶24} The January 22, 2015 Judgment Entry of the Stark County Court of Common Pleas is affirmed in part and reversed in part.

By: Hoffman, J.

Gwin, P.J. and

Baldwin, J. concur