**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1779
_____


UNITED STATES OF AMERICA

v.

HECTOR RENGIFO,
                              Appellant

_____


On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. Criminal No. 1-13-cr-00131-001)
District Judge:  Honorable Sylvia H. Rambo

_____


Submitted under Third Circuit LAR 34.1(a)
on February 12, 2016

Before:  FUENTES, KRAUSE and ROTH, <u>Circuit Judges</u>

(Opinion filed: August 5, 2016)

Tieffa N. Harper
Daniel I. Siegel
Office of the Federal Public Defender
800 King Street
Suite 200
Wilmington, DE 19801

                Counsel for Appellant


Stephen R. Cerutti, II
Michael A. Consiglio
Office of the United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108

                Counsel for Appellee

O P I N I O N

**ROTH**, <u>Circuit Judge</u>:

In this appeal of the sentence imposed by the District Court, we must determine the definition of "term of imprisonment" in the U.S. Sentencing Guidelines Section 4A1.2(k). Hector Rengifo challenges the District Court's interpretation of "term of imprisonment" as synonymous with "sentence of imprisonment." Under the District Court's

interpretation, the career offender provisions of the Guidelines applied to Rengifo and he received an increased sentence. We conclude that the terms are synonymous. We will, therefore, affirm the judgment of sentence of the District Court.

## I.

In 2014, Rengifo pled guilty to "distribution and possession with intent to distribute heroin" in violation of 21 U.S.C. § 841(a)(1). Under the Guidelines, the offense carried a sentencing range, adjusted for Rengifo's acceptance of responsibility, of 15 to 21 months. Because Rengifo had two prior controlled substance convictions in state court from 1999 and 2007, the government argued for the application of the career offender provisions of the Guidelines, which would lead to the addition of criminal history points and increase Rengifo's sentencing range to 151 to 188 months. The District Court agreed with the government but granted a downward variance and sentenced Rengifo to 120 months of imprisonment.

A defendant is a career offender if (1) the defendant was at least eighteen years old at the time he or she committed the instant offense of conviction, (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.[1] Rengifo does not dispute that his 2007 conviction for conspiracy to distribute cocaine qualifies as a prior felony conviction. He

---

[1] U.S.S.G. § 4B1.1(a).

does, however, argue against counting his 1999 conviction for possession with intent to distribute marijuana as a prior felony conviction.

As relevant here, for the purpose of computing an offender's criminal history, prior sentences of imprisonment are counted as follows: (1) "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted"; (2) "any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen year period" is counted; and (3) "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted."[2] Given that Rengifo's 1999 conviction was more than ten years old and fewer than fifteen years old at the time of Rengifo's instant offense, it is counted as a prior felony conviction if Rengifo's sentence of imprisonment for the 1999 conviction exceeded one year and one month.

For the 1999 conviction, a Pennsylvania court initially sentenced Rengifo to "time served to 12 months." Rengifo served 71 days and was paroled. His parole was revoked and he was sentenced to the remaining 294 days of the original sentence. He served another 120 days, was paroled, and again his parole was revoked. He then was sentenced to the remaining 174 days of his sentence. For calculating the length of the sentence of imprisonment, these revocations triggered § 4A1.2(k) of the Guidelines, which provides that

---

[2] *Id*. §§ 4A1.2(e)(1), (e)(2).

4

"[i]n the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original *term of imprisonment* to any *term of imprisonment* imposed upon revocation." [3]   The parties disagree on the interpretation of "term of imprisonment," a term that is not defined in the Guidelines.

Rengifo argues that his term of imprisonment for the 1999 conviction is 365 days:  71 days served prior to any parole and 294 days served after his revocations.  Under Rengifo's interpretation, his 365-day sentence is not a prior felony conviction under the career offender provisions and Rengifo should not be subject to the enhancement.  The government maintains that the term of imprisonment for the 1999 conviction is 659 days, consisting of the initial 365-day maximum sentence imposed plus the 294 days sentenced for the parole violations.  Under the government's interpretation, Rengifo's term of imprisonment is greater than one year and one month, and thus the career offender guidelines were properly applied to him.

## II.[4]

Although we have not had occasion to consider the definition of "term of imprisonment" in § 4A1.2(k), which directs courts in calculating a prior sentence for the purpose

---

[3] *Id*. § 4A1.2(k)(1) (emphasis added).

[4] We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  Our review of the District Court's interpretation of the Sentencing Guidelines and constitutional questions is plenary. *United States v. McKoy*, 452 F.3d 234, 236 (3d Cir. 2006).

of applying the criminal history enhancement to "add the original term of imprisonment to any term of imprisonment imposed upon revocation[,]" the Guidelines provide textual clues as to the term's meaning. Application Note 11, which informs the interpretation of § 4A1.2(k), instructs, "[r]ather than count the original sentence and the resentence after revocation as separate sentences, the sentence given upon revocation should be added to the original *sentence* of imprisonment, if any, and the total should be counted as if it were one sentence."[5] The Note's reference to "original sentence of imprisonment" is a strong indication that "sentence of imprisonment" and "term of imprisonment," the latter of which is used in § 4A1.2(k), are interchangeable.[6] Also indicative is the fact that these terms are found in close proximity throughout the career offender guidelines and in notes accompanying the section.[7]

Rengifo argues that the terms are not interchangeable for three reasons. First, Rengifo invokes the statutory construction canon that "where sections of a statute do not include a specific term used elsewhere in the statute, the drafters did not wish [the not-included term] to apply."[8] According to Rengifo, the use of "term of imprisonment" rather than "sentence of imprisonment" in § 4A1.2(k) means that "sentence of imprisonment" does not apply. However,

---

[5] U.S.S.G. § 4A1.2 n.11 (emphasis added).

[6] *United States v. Ramirez-Perez*, 643 F.3d 173, 177 (6th Cir. 2011); *United States v. Jasso*, 587 F.3d 706, 712 (5th Cir. 2009).

[7] *Jasso*, 587 F.3d at 711.

[8] *Alaka v. Attorney Gen. of United States*, 456 F.3d 88, 98 (3d Cir. 2006) (internal quotations omitted).

this interpretation would render irrelevant Application Note 11 and violate the general rule that courts interpret Application Notes to the Guidelines so that no words shall be discarded as meaningless, redundant, or mere surplusage.[9]

Second, Rengifo argues that the interpretation of the terms as synonymous violates due process for two reasons: first, it leads to double counting of his sentence, and second, it would not provide adequate notice to defendants. Neither argument is persuasive. Regarding double counting, Rengifo essentially challenges the outcome where, although his original sentence imposed was "time served to 12 months," his sentence of imprisonment was determined to be over one year and one month. Section 4A1.2(k) "covers revocations of probation and other conditional sentences where the original term of imprisonment imposed, if any, did not exceed one year and one month."[10] Application Note 11 makes clear that, under § 4A1.2(k), "[i]f the sentence originally imposed, the sentence imposed upon revocation, or the total of both sentences exceeded one year and one month, the maximum

---

[9] *Paek v. Attorney Gen. of United States*, 793 F.3d 330, 337 (3d Cir. 2015); *see Stinson v. United States*, 508 U.S. 36, 38 (1993) ("[C]ommentary in the Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline."). We note that although Rengifo raises several constitutional arguments, detailed below, he makes no arguments that would allow us to disregard the interpretation of U.S.S.G. § 4A1.2(k) set forth in the Application Notes.
[10] U.S.S.G. § 4A1.2 n.11.

three points would be assigned."[11]  Therefore, the Guidelines contemplate the scenario that Rengifo faces, and dictate the addition of criminal history points.  Moreover, Rengifo's argument that his original sentence of imprisonment is 71 days—the amount of time served prior to parole—as opposed to one year—the sentence pronounced—is based on an incorrect reading of the Guidelines, which state that sentence of imprisonment "refers to the maximum sentence imposed."[12]  Application Note 2 further explains: "the length of a sentence of imprisonment is the stated maximum" and "criminal history points are based on the sentence pronounced, not the length of time actually served."[13] Therefore, the correct total of Rengifo's sentence of imprisonment is 833 days, which consists of the maximum imposed original sentence of 365 days, plus the maximum imposed sentence for the first revocation of 294 days, and plus the maximum imposed sentence for the second revocation of 174 days.[14]

As for notice, due process does not require a defendant to be warned that his conviction might be used for enhancement purposes if he is later convicted of another crime.[15]  As the Supreme Court explained, a warning to the

---

[11] *Id.*

[12] *Id.* § 4A1.2(b)(1); *United States v. Davis*, 929 F.2d 930, 932 (3d Cir. 1991).

[13] U.S.S.G. § 4A1.2 n.2.

[14] The sentence computed under § 4A1.2(k) is harsher than the position of the government on how the sentence should be computed.  However, we conclude that the clear language of § 4A1.2(k) and the Application Notes requires this result.

[15] *Nichols v. United States*, 511 U.S. 738, 748 (1994).

defendant that "if he is brought back into court on another criminal charge, [he] will be treated more harshly[,] would merely tell him what he must surely already know."[16]

Finally, Rengifo urges us to apply the rule of lenity and reject the government's interpretation. This argument fails because the rule of lenity applies only if, "after seizing everything from which aid can be derived, we can make no more than a guess as to what Congress intended."[17] Because we conclude § 4A1.2(k) is unambiguous, the rule of lenity does not apply.

## III.

For the foregoing reasons, we will affirm the judgment of sentence of the District Court.

---

[16] *Id.*

[17] *Reno v. Koray*, 515 U.S. 50, 65 (1995).