NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-1745

———————

UNITED STATES OF AMERICA

v.

CURTIS WALDRON,
                                                    Appellant

———————

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Action No. 1-15-cr-00283-001)
District Judge: Honorable Sylvia H. Rambo

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
March 6, 2018

Before: MCKEE, AMBRO, and RESTREPO, Circuit Judges

(Opinion filed: August 28, 2018)

———————

OPINION[*]

———————

AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Curtis Waldron was arrested on October 2, 2015, for distribution and possession with intent to distribute heroin, marijuana, and cocaine, in violation of 21 U.S.C. § 841(a)(1). He pled guilty in September 2016. The District Court found Waldron to be a career offender based on two predicate convictions for which he was incarcerated within fifteen years of his current conviction. U.S.S.G. § 4B1.1(a). Waldron argues on appeal that his conviction, on November 8, 1994, is outside the look-back period, and thus it was improperly considered. He also challenges the application of the career-offender enhancement on the basis that the 1994 conviction does not meet the definition of a "controlled substance offense" under § 4B1.2(b).

We apply plenary review to Waldron's challenge to the District Court's application and interpretation of the Sentencing Guidelines. Any facts used in the Guidelines' calculation are reviewed for clear error. *United States v. Wood*, 526 F.3d 82, 85 (3d Cir. 2008). Because Waldron failed to raise the applicability of the career-offender enhancement in the District Court, we review for plain error. *United States v. Polk,* 577 F.3d 515, 517 (3d Cir. 2009).

The career-offender sentencing enhancement subjects offenders to an elevated Guidelines range where the offense under review is a crime of violence or a controlled substance offense and the offender has two prior felony convictions for crimes of violence or a controlled substance. The look-back period to determine whether a career-offender enhancement applies "count[s] any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G. § 4A1.2(e)(1).

2

Waldron bases his argument that the 1994 conviction is outside the look-back period on U.S.S.G. § 4A1.2 Application Note 2's language: "For the purposes of applying § 4A1.1(a), (b), or (c), the length of a sentence of imprisonment is the stated maximum." The violation occurred, as noted, on November 8, 1994 and had a maximum sentence of five years, making the maximum date of release for Waldron November 8, 1999. But due to parole violations and subsequent revocations, he was instead incarcerated until re-parole on November 13, 2000.

Waldron concedes he was incarcerated until then due to a parole revocation. His sentence thus falls under U.S.S.G. § 4A1.2(k): "[I]n the case of a prior revocation of probation, parole, supervised release, special parole, or mandatory release, add the original term of imprisonment to any term of imprisonment imposed upon revocation." The Guidelines establish that a court when sentencing should look to the last date of incarceration to determine if the sentence falls within the look-back period. In addition, Waldron's interpretation of Application Note 2 is mistaken. We have found the language—"the length of a sentence of imprisonment is the stated maximum"—to mean the maximum imposed initial sentence plus the maximum imposed sentence for the subsequent parole revocation. *United States v. Rengifo*, 832 F.3d 220, 223 (3d Cir. 2016).

Until November 13, 2000, Waldron was incarcerated for a parole violation stemming from his November 8, 1994 narcotics conviction. His October 2, 2015 conviction has an applicable look-back period of fifteen years, thus on or after October 2, 2000. Because Waldron was incarcerated after October 2, 2000 for his November 8,

3

1994 conviction and subsequent parole revocation, it is within the applicable look-back period.

Waldron also contends his 1994 drug conviction is not a predicate offense for the purposes of the career-offender section of the Guidelines. We disagree. We apply the "modified categorical approach" to determine whether Waldron's violation of 35 Pa. Cons. Stat. § 113(a)(30) qualifies as a predicate offense under the Guidelines. *United States v. Abbott*, 748 F.3d 154, 159 (3d Cir. 2014). This means we may "look[] to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016). We then compare that crime to the definition of a controlled substance offense under the Guidelines. *See id.* This means it is . . .

> [a]n offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

U.S.S.G. § 4B1.2(b).

Waldron's 1994 conviction was for possession with the intent to distribute approximately half an ounce of crack cocaine, a controlled substance. He was sentenced to two-to-five years' imprisonment for that offense. Applying the modified categorical approach, his conviction is a predicate offense because it involved "the possession of a controlled substance . . . with intent to . . . distribute." *Id.* Thus it falls under the career-offender section of the Guidelines.

The District Court did not err in determining that Waldron was a career offender under U.S.S.G. § 4B1.1. Accordingly, we affirm.