NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

───────────

Nos. 19-2062, 19-2103 & 19-2104

───────────

UNITED STATES OF AMERICA

v.

PARIS CHURCH also known as
PAY MAY, also known as PAY,

Appellant

───────────

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action Nos. 2-14-cr-00323-003; 14-cr-00520-001 & 14-cr-00496-001)
District Judge: Honorable Gerald A. McHugh

───────────

Submitted under Third Circuit LAR 34.1(a)
On April 16, 2020

Before: CHAGARES, SCIRICA and ROTH, Circuit Judges

(Opinion filed: January 5, 2021)

───────────

OPINION[*]

───────────

ROTH, Circuit Judge

───────────────────

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Paris Church was convicted of numerous drug trafficking crimes and sentenced as a career offender. He appeals his sentence of 360 months imprisonment. He challenges his status as a career offender and the reasonableness of the sentence. For the reasons that follow, we will affirm.

I.[1]

Church was charged in three different indictments for his involvement as a supplier in a large-scale drug trafficking conspiracy.[2] Three jury trials resulted in his conviction on seventeen counts. The cases were consolidated for sentencing.

Church's presentence report determined that he is a career offender based on two prior convictions. His designation as a career offender dictated an offense level of 37 and criminal history category VI,[3] subjecting him to the advisory guideline range of 360 months to life imprisonment.[4] The District Court accepted the PSR's offense level calculation and sentenced him to 360 months imprisonment, 10 years supervised release, forfeiture of $262,000, and special assessments totaling $1,400.

Church argues on appeal that he is not a career offender, that his sentence is unreasonable given his advanced age and nonviolent criminal history, and that the length of his sentence constitutes cruel and unusual punishment. Church asks us to vacate his sentence and remand for resentencing.

---

[1] Because we write primarily for the parties, we only discuss the facts and proceedings to the extent necessary for resolution of this case.
[2] E.D. Pa. Nos. 14-323, 14-496, 14-520.
[3] U.S.S.G. § 4B1.1(b).
[4] U.S.S.G. § 5A.

## II.

The District Court had jurisdiction over violations of federal law pursuant to 18 U.S.C. § 3231. We have jurisdiction to review a criminal sentence pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. Because Church did not object to his status as a career offender at sentencing, we review his challenge for plain error.[5] We review the reasonableness of the sentence for abuse of discretion.[6] Our review of Church's sentence under the Eighth Amendment is plenary.[7] We proceed to the issues in that order.

## III.

### A. Career Offender

A defendant is a career offender if the instant offense is a crime of violence or a controlled substance offense and the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.[8] As relevant here, a prior felony counts as a predicate conviction if the sentence for the offense concluded within fifteen years of the commencement of the instant offense.[9]

Church contends that it was plain error for the District Court to sentence him as a career offender because his first predicate offense is too old to be considered in his criminal history. That offense involved a 1991 drug conviction for which he was released from prison on December 19, 1997. He claims that his criminal activity for the

---

[5] *United States v. Glass*, 904 F.3d 319, 321 (3d Cir. 2018).
[6] *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc).
[7] *United States v. Walker*, 473 F.3d 71, 75 (3d Cir. 2007).
[8] U.S.S.G. § 4B1.1(a).
[9] U.S.S.G. § 4A1.2(e)(1); U.S.S.G. § 4B1.2 app. n.3; *United States v. Rengifo*, 832 F.3d 220, 221 (3d Cir. 2016).

3

instant offenses did not commence until November 2013, over fifteen years after he was released on the 1991 drug offense.

However, Church overlooks his conviction for Count Seven in the Third Superseding Indictment Number 14-520. That count charged him with participating in a drug-related conspiracy from January to October 2012, in violation of 21 U.S.C. §§ 841 and 846. Thus, the relevant dates are December 19, 1997, upon his release from prison, and January 2012, with the commencement of his instant offense. The elapsed time between those dates is fourteen years and one month, well within the fifteen-year lookback. The District Court committed no error by counting his 1991 drug conviction as a predicate offense and sentencing him as a career offender.[10]

B. Reasonableness of Sentence

Next, Church argues that his thirty-year sentence is unreasonable because of his advanced age and lack of convictions for violent crimes. At sentencing, the parties argued the issue of Church's age warranting a downward departure from the guideline range. Church's attorney also described him as a nonviolent participant in the conspiracy

---

[10] As noted by the government, the District Court erred by imposing a 96-month concurrent sentence instead of a 360-month concurrent sentence on Count Seven. The total guideline term should be imposed concurrently on each count so long as the statutory maximum for the offense permits. U.S.S.G. § 5G1.2(b), app. n.1. The court should have imposed a 360-month concurrent sentence on Count Seven since 21 U.S.C. § 841(b)(1)(A) permits a life sentence. Because this error did not affect the guideline calculation and the government does not ask us to send this case back to the District Court, we will not remand to address this error.

and merely a businessman "who picked the wrong business."[11] The District Court

considered these arguments and found that no variance was appropriate.

It is unclear whether Church alleges a procedural error, substantive error, or both.

Regardless, we cannot say that the District Court abused its discretion. Our review of the

record reveals Church's sentence is procedurally sound. The District Court correctly

calculated the guideline range, entertained arguments regarding variances, and considered

the factors set forth in 18 U.S.C. § 3553(a).[12]

The sentence is also substantively sound. We will affirm a procedurally correct

sentence "unless no reasonable sentencing court would have imposed the same sentence

on that particular defendant for the reasons the district court provided."[13] Mitigating

factors like a defendant's age may be relevant to his "history and characteristics" during

sentencing under 18 U.S.C. § 3553(a)(1).[14] But the fact that a sentence exceeds a

defendant's life expectancy does not mean that the sentence is unreasonable.[15] The

District Court gave meaningful consideration to Church's age in handing down its

sentence. Indeed, the court found Church's age relevant in sustaining an objection to a

firearm enhancement that would have affected his quality of life while serving his

---

[11] A63-64.

[12] *See United States v. Levinson*, 543 F.3d 190, 194-95 (3d Cir. 2008); *see also Tomko*, 562 F.3d at 568 ("A sentencing court does not have to 'discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.'") (emphasis omitted) (quoting *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006)).

[13] *Tomko*, 562 F.3d at 568.

[14] *Id.* at 582, Fisher, J., dissenting (citing *Rita v. United States*, 551 U.S. 338, 364-65 (2007), Stevens, J., concurring).

[15] *United States v. Ward*, 732 F.3d 175, 186-87 (3d Cir. 2013).

sentence. However, the court concluded that he failed to achieve the "judgment and maturity" associated with aging and that a lengthy sentence would prevent him from committing other crimes.[16] That conclusion is supported by Church's continuing recidivism.

Church's argument concerning his nonviolent history fares no better. "[T]he presence or absence of violence does not always affect the strength of society's interest in deterring a particular crime or in punishing a particular criminal."[17] Church's offense level was determined by his career offender status.[18] The career offender enhancement is not conditioned on the prior commission of crimes of violence, but rather requires "two prior felony convictions of *either* a crime of violence or a controlled substance offense."[19] This requirement is consistent with the Sentencing Commission's choice "to focus more precisely on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate."[20] As noted by the District Court, Church was a supplier of "substantial quantities of drugs" that brought "death and destruction to the streets" of his community.[21] Given his "sustained pattern of drug dealing," his within-guideline-range sentence is not unreasonable.[22] Rather, it reflects the seriousness of his offenses,

---

[16] A72.
[17] *Rummel v. Estelle*, 445 U.S. 263, 275 (1980).
[18] *See* U.S.S.G. § 4B1.1(b).
[19] U.S.S.G. § 4B1.1(a) (emphasis added).
[20] U.S.S.G. § 4B1.1 cmt. background.
[21] A71.
[22] A71.

promotes respect for the law, provides just punishment, affords adequate deterrence to criminal conduct, and protects the public from further crimes of the defendant.[23]

## C. The Eighth Amendment

Last, Church argues that his sentence is cruel and unusual under the Eighth Amendment. The Eighth Amendment "forbids only extreme sentences that are 'grossly disproportionate' to the crime."[24] Our constitutional inquiry focuses on "(1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions."[25] The first factor acts as a gateway and "restrains us from [undertaking] an extended analysis of proportionality" unless the defendant "show[s] a gross imbalance between the crime and the sentence."[26] When evaluating the gravity of a crime, we consider a defendant's criminal history,[27] his culpability, and the harm caused to society.[28] As noted above, Church had an extensive history of convictions for similar crimes, his role in the instant drug conspiracy was substantial, and

---

[23] *See* 18 U.S.C. § 3553(a); *see also Rummel*, 445 U.S. at 275-76 (upholding a life sentence for nonviolent offenses under Texas's recidivist statute).

[24] *Ewing v. California*, 538 U.S. 11, 23 (2003).

[25] *United States v. MacEwan*, 445 F.3d 237, 247 (3d Cir. 2006) (internal quotation marks omitted); *Walker*, 473 F.3d at 80-82.

[26] *MacEwan*, 445 F.3d at 247-48 (quoting *United States v. Rosenberg*, 806 F.2d 1169, 1175 (3d Cir. 1986)).

[27] *Ewing*, 538 U.S. at 29.

[28] *See Solem v. Helm*, 463 U.S. 277, 292 (1983).

his involvement caused great harm to his community. We view his punishment as commensurate with his crimes.[29]

IV.

For the foregoing reasons, we will affirm the judgment of sentence imposed by the District Court.

---

[29] *See Rummel*, 445 U.S. at 284-85; *Hutto v. Davis*, 454 U.S. 370, 370-74 (1982) (per curiam) (upholding recidivist's forty-year sentence for possession with intent to distribute nine ounces of marijuana).